GRAU *v.* UNITED STATES.

No. 43.   Argued October 10, 1932.—Decided November 7, 1932.

*Mr. Charlton B. Thompson,* with whom *Mr. Stephens L. Blakely* was on the brief, for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist* and *Messrs. Paul D. Miller, John J. Byrne,* and *W. Marvin Smith* were on the brief, for the United States.

126

Mr. Justice Roberts delivered the opinion of the Court.

The petitioner was convicted under an indictment in two counts, the first charging the unlawful manufacture of whisky, and the second possession of property designed for the unlawful manufacture of intoxicating liquors.[1] He complains that certain articles offered at the trial were obtained by virtue of a void search warrant and that the trial court erred in overruling a motion to quash the process and to suppress the evidence, and in admitting it at the trial. The Circuit Court of Appeals overruled errors assigned to the District Court's action and affirmed the judgment.[2]

The assertion is that the warrant is void for failure to observe the statutory requirement that it state the " par-

---

[1] These counts were based on U. S. Code, Tit. 27, §§ 12 and 39.

[2] 56 F. (2d), 779. Certiorari was granted to resolve a conflict of decision with other Circuits. Cf. *Giles* v. *United States,* 284 Fed. 208 (C. C. A. 1); *Simmons* v. *United States,* 18 F. (2d) 85 (C. C. A. 8).

ticular grounds or probable cause " for issuance; and for the further reason that it is based on affidavits which do not " set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." [3] We need not consider the alleged defect of the warrant, as we think the objection to the affidavits well taken, and the warrant consequently without lawful foundation.

Two affidavits were made before the commissioner. One purported to state the facts; the other merely asserted a belief that the statements in the first were true, and is clearly insufficient. *Byars* v. *United States*, 273 U. S. 28.

So far as material, the more detailed affidavit states that " on or about October 14, 1931, he (affiant) went around and about the premises hereinafter described and saw persons haul cans, commonly used in handling whisky, and what appeared to be corn sugar up to and into the place and saw the same car or truck haul similar cans, apparently heavily loaded away from there and smelled odors and fumes of cooking mash coming from the place, and he says there is a still and whisky mash on the premises."

Pursuant to the process issued officers seized a still, its appurtenances, and 350 gallons of whisky, and these were offered and admitted in evidence at the trial.

Section 25 of Title II of the National Prohibition Act [4] provides: " No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the *unlawful sale* of intoxicating liquor, or unless it

---

[3] Section 25 of Title II of the National Prohibition Act (U. S. C., Tit. 27, § 39) authorizes the issuance of a search warrant in accordance with the terms of the Act of June 15, 1917 (U. S. C., Tit. 18, §§ 613–616). The matter quoted as to affidavits is contained in § 615, and that concerning warrants in § 616.

[4] U. S. C., Tit. 27, § 39.

is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

The affidavit fails to state the place to be searched is not a private dwelling, and the record affirmatively shows it was. At most the deposition charges the manufacture of whisky; no averment of sale is made; indeed no facts are given from which sale, on or off the premises described, necessarily is to be inferred. The court below, however, held that the facts set forth warranted a belief that the dwelling was being used as headquarters for the merchandising of liquor. This was deemed a sufficient compliance with the statutory permission for search of a dwelling if "used for the unlawful sale of intoxicating liquor."

The broad construction of the act by the Court of Appeals unduly narrows the guaranties of the Fourth Amendment, in consonance with which the statute was passed. Those guaranties are to be liberally construed to prevent impairment of the protection extended. *Boyd* v. *United States,* 116 U. S. 616, 635; *Gouled* v. *United States,* 255 U. S. 298, 304; *Go-Bart Co.* v. *United States,* 282 U. S. 344, 357. Congress intended, in adopting section 25 of Title II of the National Prohibition Act, to preserve, not to encroach upon, the citizen's right to be immune from unreasonable searches and seizures, and we should so construe the legislation as to effect that purpose.

A search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury (*Giles* v. *United States,* 284 Fed. 208; *Wagner* v. *United States,* 8 F. (2d) 581); and would lead a man of prudence and caution to believe that the offense has been committed. *Steele* v. *United States,* 267 U. S. 498, 504. Tested by these standards the affidavit was insufficient. While a dwelling used as a manufactory or headquarters

for merchandising may well be and doubtless often is the place of sale, its use for those purposes is not alone probable cause for believing that actual sales are there made.

The process should have been quashed, and the articles seized delivered to the petitioner. Their admission as evidence was error, and the judgment must be reversed.

*Reversed.*

MR. JUSTICE STONE and MR. JUSTICE CARDOZO are of opinion that the judgment should be affirmed.