## HERSHKOWITZ v. UNITED STATES.
### No. 6454.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1933.

H. F. Glick, of Cleveland, Ohio, for appellant.

Marc J. Wolpaw, of Cleveland, Ohio (Wilfred J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

The appeal involves validity of searches made by prohibition officers without warrant, the first of the appellant's automobile and the second of his dwelling. Agents of the Prohibition Department had on a date prior to the search observed appellant unloading what appeared to be bags of corn sugar from his automobile. They had followed the car from a known corn sugar supply house. They noted a strong odor of whisky mash about the premises where the sugar was unloaded. Three days later other agents approached the premises. They also noted the odor of whisky mash, and observed appellant carrying a can from the house to the car parked on the driveway in the rear. Crawling over a fence, they approached the appellant and asked him what he had, stating they wanted some whisky. Appellant replied, "I don't know you fellows." One of the agents pulled the can out of the car, found it to contain whisky, and placed the appellant under arrest.

Following the arrest, the agents searched the dwelling house, gaining access by keys found on appellant's person. On the second floor they discovered a still, whisky, and empty cans. In the attic were found mash, corn sugar, barrels, and yeast. Appellant was indicted on three counts, charging (1) possession, (2) manufacture, (3) maintaining a nuisance. A motion to suppress the evidence was overruled, and conviction on all three counts followed. A general sentence of fine and imprisonment was imposed.

The search of the automobile was not unreasonable. The officers had probable cause to believe the law was being violated. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407. The search of the house was illegal. It was

conceded at the trial that the premises were occupied by the appellant as his private dwelling. We cannot, on the record, say otherwise. The facts within the knowledge of the officers were insufficient to support the issue of a search warrant, Grau v. United States, 287 U. S. 124, 53 S. Ct. 38, 77 L. Ed. 212, and it must follow that search without warrant under the circumstances is at least equally within the condemnation of the Fourth Amendment. Nor can the search be justified as an incident of the arrest. Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. The officers already had evidence of possession. Further search could only be exploratory for the purpose of bringing to light other crimes. We think the court was in error in failing to grant the motion to suppress in so far as it related to evidence found upon search of the house.

The sentence imposed upon appellant was general, and since it provides for both fine and imprisonment, and cannot therefore be sustained by conviction on the possession count alone, even though possession is therein charged as a second offense, we direct the following disposition of the case:

The judgment below on count 1 is affirmed, but the sentence is set aside, and as to it the cause is remanded for resentence. The judgments on counts 2 and 3 are reversed, and as to them the cause is remanded for new trial, it being assumed that, if there is no evidence of guilt other than that disclosed by the invalid search, the two counts will on motion be dismissed.