## WAKKURI v. UNITED STATES.
### No. 6520.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1933.

George C. Quinnell, of Marquette, Mich., for appellant.

Fred C. Wetmore, of Grand Rapids, Mich., for the United States.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

In this cause, the defendant was a man of Finnish descent and had constructed a Finnish bathhouse adjacent to his dwelling house upon a small farm in Marquette county, Mich. Without going into extensive detail, we are of the opinion that this bathhouse was within the curtilage of the defendant's home, and thus within the protection of the Constitution of the United States against unreasonable searches and seizures, and of section 25, title 2 of the National Prohibition Act (27 USCA § 39). Temperani v. United States, 299 F. 365 (C. C. A. 9).

For several months prior to December 15, 1932, federal prohibition agents had received complaints that the defendant was violating the National Prohibition Act. On the morning of that day the officers concealed themselves in the vicinity of defendant's property and could smell odors of cooking mash. They also saw puffs of steam coming out of a vent in the bathhouse and a yellowish spot on the edge of the ravine which later proved to be spent grain. In the afternoon of the same day four of these officers drove upon the defendant's premises and parked their automobile in front of the main dwelling house. They had no warrant of any kind. They came simply to search for violations of the law. Having alighted from their car, one of them went to the south door of the bathhouse, where he says that he knocked but the door was not opened. This agent was later joined by the other three, and the officers testify that, after knocking several times at the east door, it was opened by defendant. Within the building was a small still and some barrels, kegs, and jugs of finished whisky, all of which were seized. The defendant testified that he did not open the door but that it was broken open by the officers. But conceding that it was opened by defendant, there is no other evidence of consent to the search, and this action would be equally consistent with simple surrender to arrest. We think, therefore, that while there was evidence of surrender upon the part of the defendant, there was no substantial evidence of waiver of his constitutional rights in view of the burden resting upon the government to prove this. Cf. Kovach v. United States, 53 F.(2d) 639 (C. C. A. 6).

After arrest and indictment a motion to suppress the evidence was duly made and denied. We are of the opinion that the motion should have been granted. Any search of a private dwelling without a search warrant is at least prima facie unreasonable. Cf. Agnello v. United States, 269 U. S. 20, 32, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Hershkowitz v. United States, 65 F.(2d) 920 (C. C. A. 6). And this is the more clear in the present case for the information at the disposal of the officers was wholly insufficient to justify the issuance of a search warrant. Grau v. United States, 287 U. S. 124, 53 S. Ct. 38, 77 L. Ed. 212; Staker v. United States, 5 F.(2d) 312 (C. C. A. 6); Jozwich v. United States, 288 F. 831 (C. C. A. 7). That which might not be done with the only kind of search warrant that could have been obtained—an invalid one—should not be permitted without any warrant at all.

An attempt is made to justify the search on the ground that defendant was found in the dwelling in the commission of a crime and was then arrested, and that the officers had a right to search his person and premises as an incident to such arrest. This same contention was made in Staker v. United States, supra, and must be here denied for the same reasons there stated. Just as the validity of a search may not be judged by what it brings to light, so the right to search must be decided by the situation as disclosed before the search is made. United States v. Fitzmaurice, 45 F. (2d) 133–135 (C. C. A. 2). At that time the officers had no knowledge of facts which would have justified an arrest or supported a conviction. It was not until they had illegally forced their way upon the premises and into the bathhouse that the defendant can be said to have been found committing a crime in their presence, and of the knowledge so acquired the government is not permitted to avail itself.

For the reasons above stated and upon the authority of the cases cited, to which should be added Bushouse v. United States (C. C. A.) 67 F.(2d) 843, this day decided, the judgment of the District Court must be set aside and the cause remanded, with instructions to grant the petition to suppress the evidence complained of.