## BUSHOUSE v. UNITED STATES.
### No. 6509.

Circuit Court of Appeals, Sixth Circuit.

Dec. 11, 1933.

Harry S. Bennett, of Detroit, Mich. (Glocheski, Glocheski & Milanowski, of Grand Rapids, Mich., on the brief), for appellants.

Fred C. Wetmore, of Grand Rapids, Mich., for the United States.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

In this cause a search warrant was issued to search the residence occupied by Messrs. Peter and John Bushouse, with especial reference to the seizure of alcoholic liquors, materials and ingredients designed and intended for use in the manufacture of intoxicating liquor, and books and memoranda disclosing sales of and miscellaneous dealings in such liquors. A similar search warrant was also issued to search the private dwelling of the defendant George Phillips, otherwise known as George Corbett. In each instance the search resulted in the seizure of a very small quantity of alcoholic liquor, but in the seizure also of notebooks, private papers, receipts, correspondence, records, etc., all of which latter were introduced into evidence over the objection of the defendants as proof of a conspiracy to violate the National Prohibition Act (27 USCA § 1 et seq.) as charged in the indictment. The defendants duly petitioned to quash the search warrant and to suppress the evidence, which petition was denied. This we think was error.

The fact that the premises searched were in both instances occupied as private residences should have precluded the issuance of a search warrant except on such evidence as would lead a man of prudence and caution to believe that the dwellings were being used for the unlawful sale of intoxicating liquors. Section 25, title 2, National Prohibition Act (27 USCA § 39); Grau v. United States, 287 U. S. 124, 53 S. Ct. 38, 77 L. Ed. 212. No such evidence was produced.

Probably realizing that the search and seizure could not be defended under the National Prohibition Act, the district attorney contends that because of intercepted telephone conversations, secretly overheard from a tapped wire, there was reasonable ground for belief that books, papers, memoranda, and the like were kept in the premises "as the means of committing a felony," viz., a conspiracy to violate the National Prohibition Act. 18 USCA § 612 (2). Not only are we

of the opinion that section 25 of title 2 of the National Prohibition Act (27 USCA § 39) directly limits the power conferred by earlier enactments to issue a search warrant, when such warrant is sought in general aid of the enforcement of prohibition, but it seems to us clear that the books, papers, memoranda, etc., which it was sought to seize, were in no true sense the means of committing the felony alleged, but were sought for and seized merely as evidence of defendants' complicity in an extended violation of the National Prohibition Act. The search and seizure, with or without a warrant, were therefore in violation of the Fourth and Fifth Amendments to the Constitution of the United States, as well as of section 25 of title 2 of the National Prohibition Act, above referred to. Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Go-Bart Importing Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374. While the evidence of the intercepted telephone messages was admissible (Olmstead v. United States, 277 U. S. 438, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376), we are of the opinion that the search warrants were unconstitutionally issued and that the petitions to suppress the evidence should have been granted. We find here nothing but a general exploratory search of the premises in the hope that documentary evidence of the commission of crime might be found. Such searches are universally condemned. Marron v. United States, 275 U. S. 192, 195, 48 S. Ct. 74, 72 L. Ed. 231.

What we have said, however, does not apply to the appellants Joseph Dunn and Francis Weisenberg. No constitutional right of these defendants was violated. The introduction of the evidence in question gave to them no right to object. As to them there was no prejudicial error. Agnello v. United States, 269 U. S. 20, 35, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Holt v. United States, 42 F.(2d) 103 (C. C. A. 6). It is true that these appellants contend that there is no evidence whatever to support the verdict of guilt under the seven transportation counts. There was, however, substantial evidence tending to prove their guilt under count 1, the conspiracy count, and the verdict was general, as was the sentence of the court, both being as if upon conviction of a single charge. Since the sentence is amply supported by a finding of guilt under the first count, it will not be disturbed because the evidence does not support a similar finding as to other counts.

Lastly, it is said that the indictment is bad for duplicity. This contention is, we think, fully answered in Blum v. United States, 46 F.(2d) 850 (C: C. A. 6), and we find no other assignment of error worthy of discussion.

For the reasons above stated the judgment of the District Court is affirmed as to appellants Joseph Dunn, Francis Weisenberg, and Edward McDonald; it is reversed in respect of the sentences of Peter Bushouse, John Bushouse, and George Phillips (Corbett), and as to these latter defendants the cause is remanded for a new trial.