751

UNITED STATES v. GENELLO.

No. 1174.

District Court, M. D. Pennsylvania.

May 3, 1935.

A. M. Lucks and J. Julius Levy, both of Scranton, Pa., for petitioner.

Thomas W. Lanigan, Sp. Asst. to Atty. Gen., for the United States.

WATSON, District Judge.

The United States Commissioner for this district issued a search warrant to certain investigators of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department, directing them to search certain premises designated as a frame dwelling at 823 John avenue, Dunmore, Pa., for property, documents, books, papers, records, and accounts described in the search warrant, and to seize and take the same in their possession if found. The search warrant contained no directions to search for and seize distilled spirits upon which no tax had been paid. The search warrant was executed, and certain documents, books, papers, records, etc., were found and seized.

Peter Genello has moved the court to quash the search warrant and order the return of the property seized, for the reason among others that the search warrant was issued in violation of the Fourth Amendment of the Constitution of the United States. The Fourth Amendment is in part

as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The warrant was issued on affidavits which set forth intercepted telephone conversations secretly overheard from tapped wires. The affidavits contained no identification of voices. Some of them were not on telephones located at the premises described in the search warrant, and no part of the conversations referred in any way to distilled spirits upon which a tax had not been paid.

The United States attorney contends that because of these telephone conversations there was reasonable ground for belief that books, papers, memoranda, and the like were kept in the premises described as a means of committing a felony, viz., a conspiracy to violate sections 3296, 3450, and 3281 of the Revised Statutes of the United States (26 USCA §§ 404, 1181, 193 and note, 306), and the Liquor Taxing Act of 1934 (48 Stat. 313). It must seem clear that the books, papers, memoranda, etc., described in the search warrant which it was sought to seize, were in no true sense the means of committing the felony alleged, but were sought for merely as evidence of defendant's complicity in the extended violation of the internal revenue laws of the United States and the Liquor Taxing Act of 1934. Bushouse v. United States (C. C. A.) 67 F.(2d) 843. I find nothing here but a desire for an exploratory search of the premises in the hope that documentary evidence of the commission of crime might be found. Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231. In United States v. Lefkowitz, 285 U. S. 452, page 465, 52 S. Ct. 420, 423, 76 L. Ed. 877, 82 A. L. R. 775, the Supreme Court said: "Here, the searches were exploratory and general and made solely to find evidence of respondents' guilt of the alleged conspiracy or some other crime. Though intended to be used to solicit orders for liquor in violation of the act, the papers and other articles found and taken were in themselves unoffending. The decisions of this court distinguish searches of one's house, office, papers or effects merely to get evidence to convict him of crime from searches such as those made to find stolen

goods for return to the owner, to take property that has been forfeited to the government, to discover property concealed to avoid payment of duties for which it is liable, and from searches such as those made for the seizure of counterfeit coins, burglars' tools, gambling paraphernalia, and illicit liquor in order to prevent the commission of crime. Boyd v. United States, 116 U. S. 616 et seq., 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 395, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. United States, supra, 255 U. S. [298] 306, 41 S. Ct. 261, 65 L. Ed. 647; Carroll v. United States, supra [267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790]."

On the same day that the search warrant was issued in this case, two other search warrants, which are also now before this court on motions to quash, were issued by the same commissioner directed to the investigators of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department, one directing them to search premises known as 1427 Capouse avenue, Scranton, Pa., and the other directing them to search premises known as 443 Adams avenue, Scranton, Pa. Both search warrants authorized and directed searches for the same property, documents, books, papers, and account as those described in the search warrant in this case. Such circumstances could not possibly excite an honest belief in a reasonable mind that the charges made by all of the applicants for the warrants were true, to wit, that the identical books, documents, papers, etc., were on all the premises described, etc. The only conclusion possible is that the warrant in this case was not issued upon probable cause and, therefore, was issued in violation of the provisions of the Fourth Amendment to the Constitution of the United States. The books, papers, documents, etc., described in the search warrant could not lawfully be searched for and seized even if their location had been exactly described. Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647.

The search of private papers is not authorized to help forward convictions even in cases of most atrocious crimes. Again quoting from the opinion of the Supreme Court in United States v. Lefkowitz, supra: "In Entick vs. Carrington, 19 How. St. Tr. 1029, Lord Camden declared that one's papers are his dearest property, showed that the law of England did not authorize a search of private papers to help forward conviction even in cases of most atrocious crime and said (19 How. St. Tr. 1029, p. 1073): 'Whether this proceedeth from the gentleness of the law towards criminals, or from a consideration that such a power would be more pernicious to the innocent than useful to the public, I will not say. It is very certain, that the law obligeth no man to accuse himself; because the necessary means of compelling self-accusation, falling upon the innocent as well as the guilty, would be both cruel and unjust; and it should seem, that search for evidence is disallowed upon the same principle. There too the innocent would be confounded with the guilty.' The teachings of that great case were cherished by our statesmen when the Constitution was adopted. In Boyd v. United States, supra, 116 U. S. 616, 630, 6 S. Ct. 524, 532, 29 L. Ed. 746, this court said: 'The principles laid down in this opinion (Entick vs. Carrington) affect the very essence of constitutional liberty and security. * * * They apply to all invasions on the part of the government and its employees of the sanctity of a man's home and· the privacies of life. * * * Any forcible and compulsory extraction of a man's own testimony, or of his private papers to be used as evidence to convict him of crime, or to forfeit his goods, is within the condemnation of that judgment. In this regard the fourth and fifth amendments run almost into each other.'"

Because of the insufficiency of the affidavit in establishing probable cause and for other reasons, the search warrant is illegal.

Now, May 3, 1935, the search warrant is quashed, and the property seized is ordered returned.