## UNITED STATES v. JAKEMS.

### No. 4190.

District Court, W. D. Michigan, S. D.

Sept. 9, 1935.

Joseph M. Donnelly, U. S. Atty., of Grand Rapids, Mich., for the United States.

Julius J. Herscher, of Grand Rapids, Mich., for respondent.

RAYMOND, District Judge.

The substantial ground for the motion to quash search warrant and for suppression of evidence now before the court is that the search warrant was granted by the Commissioner without probable cause. It is urged that the only statement of fact contained in the affidavit upon which the warrant was issued is that an odor of fermenting and cooking whisky mash was detected as emanating from the premises searched. The authorities principally relied upon in oral argument to sustain the contention of movant are: United States v. A Certain Distillery (D. C.) 24 F.(2d) 557; Staker v. United States (C. C. A.) 5 F.(2d) 312; In re Phœnix Cereal Beverage Co. (C. C. A.) 58 F.(2d) 953; and Grau v. United States, 287 U. S. 124, 53 S. Ct. 38, 77 L. Ed. 212. Examination of these and many similar cases convinces the court that the instant case is not governed thereby. The search warrant being considered must be distinguished from search warrants issued under the National Prohibition Act (27 USCA § 1 et seq.), which clearly did not authorize their issuance to search a private dwelling because liquor was being manufactured therein. Distinction must also be noted from those cases in which there was entry, search, and seizure without a warrant. The case before the court is based upon violation of the internal revenue laws relating to intoxicating liquors, and the entry and search complained of were pursuant to a search warrant. Under the National Prohibition Act

it was clear that only upon showing of probable cause that sales were being made upon the premises could a private dwelling be searched. The sense of smell alone could not reasonably be regarded as evidence of sales.

In the case of Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 467, 76 L. Ed. 951, the Supreme Court referred to the fact that notwithstanding numerous complaints over a considerable period, the agents had made no effort to obtain a warrant for making a search. In that case, however, the following pertinent language was used: "Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime; but its presence alone does not strip the owner of a building of constitutional guaranties (Const. Amend. 4) against unreasonable search."

The controlling question presented here is whether the facts set out in the affidavit on which the search warrant was issued are such that a reasonably discreet and prudent man would be led thereby to believe that there was a commission of the offense charged. See Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032.

The judicial officer to whom the application for the warrant was addressed had before him in the form of an affidavit upon which to base a finding of probable cause the following facts: (1) The person making the application was an investigator in the Alcohol Tax Unit of the Bureau of Internal Revenue. (2) He was familiar with the odor of fermenting whisky mash. (3) Some complaint had been made resulting in a belief on his part that a fraud upon the revenues was being committed on the premises described. (4) On May 27, 1935, the same day upon which the warrant was issued, he was about the premises. (5) He then clearly detected an odor of cooking whisky mash emanating from the premises.

It is the judgment of the court that the foregoing facts taken in their entirety would induce one of ordinary prudence to believe that the alleged offense was being committed upon the premises; and that they were sufficient to justify probable cause for such belief. In the Taylor Case, the Supreme Court of the United States recognized that officers may rely upon a distinctive odor as a physical fact, and the common experience of mankind induces the conviction that those trained in investigations of such cases become sufficiently familiar with the distinctive odors emanating from cooking mash that the use of the sense of smell is quite as reliable as that of the other senses.

The use of the word "about" in the affidavit is criticized for indefiniteness. It is true that the word has a wide variety of meaning. It is entitled to a reasonable interpretation in the light of the circumstances of its use in the affidavit. Such interpretation results in the conclusion that it means that the investigator was sufficiently close to the premises to clearly detect the odors and as coming from the premises in question.

For the reasons herein stated, the motions to quash search warrant and suppress evidence will be denied and an order will be entered accordingly.