## UNITED STATES v. SEILER et al.

### No. 19591.

District Court, D. Maryland.

Aug. 8, 1941.

Bernard J. Flynn, U. S. Atty., and K. Thos. Everngam, Asst. U. S. Atty., both of Baltimore, Md., for plaintiff.

Charles W. Main, of Baltimore, Md., for defendants.

CHESNUT, District Judge.

The indictment in this case is in the usual form for alleged illegal liquor manufacture. The third count charges a violation of 26 U.S.C.A. Int.Rev.Code, § 2834 in the unlawful making and fermenting of whiskey mash. The defendants have filed a motion to suppress evidence of an illicit still on their premises obtained under a search warrant. It is contended that the affidavit for the warrant did not show probable cause. The affidavit was made by two experienced investigators of the Alcohol Tax Unit and in substance states that (while lawfully on defendants' premises near their dwelling house) they "detected the odor of whiskey mash emanating from the dwelling house". The prior record of the defendants for an unlawful still on the same premises was also stated. The latter, of course, would not be admissible in evidence on a trial.

After hearing counsel and reviewing the pertinent authorities, I have reached the conclusion that the motion must be overruled.

In a proper setting a sense of smell may constitute probable cause for believing a particular crime is being committed. DePater v. United States, 4 Cir., 34 F.2d 275, 74 A.L.R. 1413; Benton v. United States, 4 Cir., 28 F.2d 695; Mulrooney v. United States, 4 Cir., 46 F.2d 995; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951.

A distinction must be made between the sufficiency as probable cause of odors of whiskey in relation to the crime of possession of *untaxpaid* liquor, and the odor of *whiskey mash* in relation to the manufacture of liquor or the fermentation of mash for distillation or production of alcohol in a *dwelling house*. See 26 U.S.C.A. Int. Rev.Code, § 2834. 26 U.S.C.A. Int.Rev. Code, § 2819, prohibits stills in dwelling houses.

The mere smell of whiskey is of itself not sufficient to constitute probable cause of the commission of the crime of possession of *untaxpaid liquor*. United States v. Lerner, D.C.Md., 35 F.Supp. 271, 274, citing numerous recent cases to that effect. See also United States v. Sam Chin, D.C.Md., 24 F.Supp. 14, 20. And under the National Prohibition Act, now repealed, the mere odor of whiskey mash emanating from a dwelling house was not sufficient probable cause for search because by the applicable statute, 27 U.S.C.A. § 39, it was provided "No search warrant shall issue to search any private dwelling occupied as such *unless it is being used for the unlawful sale of intoxicating liquor, * * *"*. (Italics supplied). Staker v. United States, 6 Cir., 5 F.2d 312; Cornelius on Searches and Seizures, § 174, pp. 433, 440; Raniele v. United States, 8 Cir., 34 F.2d 877.

In the present case the prosecution is for the unlawful fermenting of whiskey mash in a dwelling house, under the Internal Revenue Laws. Therefore the odor of the whiskey mash emanating from a dwelling house, detected by experienced revenue officers, was in itself probable cause for a reasonable belief that the statutes were being violated. United States v. Jakems, D.C.Mich., 12 F.Supp. 227, is a very similar case where the search warrant was held sufficient.

For these reasons I have concluded that the motion must be and it is hereby overruled.