THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE TONJE CLEMENTE, Defendant and Appellant.

No. 14304.    Argued January 9, 1950.—Decided April 28, 1950.

296

*Domingo Candelario* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

Per Curiam: The appellant was charged with a violation of the *Bolita* Act. The complaint was filed as a result of a search made in his residence in Capetillo Ward of Río Piedras.

The record shows that detective E. Torres Pérez prepared the necessary documents to search defendant's residence. He drafted the affidavit, prepared the search warrant, and presented the documents to the Municipal Judge of Río Piedras at his residence in Santurce. After the judge read the affidavit, he requested Torres to sign it, and issued the search warrant, which was executed two days later by E. Torres Pérez, together with other detectives.

The search disclosed that defendant had in his possession lists of numbers of three figures, with a dash to the right separating said figures from another number of one or two figures; he also had money, among which they found 27¼ pounds of pennies and also balls and paper bags.

The appellant timely filed a motion for the suppression and return of the material seized, which was overruled. At the trial, where the only witness was detective Torres Pérez, who explained how the search was made, what they found in defendant's house, and the connection existing between the articles seized and the *bolita* game, the defendant was convicted and sentenced to one year in jail.

He contends that the judgment should be reversed because: (1) the complaint does not state facts sufficient to constitute an offense; (2) the court erred in overruling the motion for suppression of evidence; (3) the money found in appellant's possession was admitted in evidence, without establishing any connection between said money and the crime charged; (4) the detective who signed the search warrant was permitted to testify regarding evidence seized by another officer who accompanied him in the search; and (5) the court erred in overruling the motion for nonsuit.

We shall consider the errors in the same order as stated by appellant.

■ The information filed recites that ". . . he had in his possession in his house 43 lists of numbers of three figures, followed by one unit to the right, 14 lists of adding machine paper, with names and numbers and 20 cartons containing numbered balls and other loose balls, which implements and materials can be utilized and are utilized in the unlawful game of *bolita*."

■ The information, therefore, charges the possession of *bolita* material—not materials susceptible of innocent use— and we have already held that this sole fact is sufficient to constitute a violation of Act No. 220 of 1948. *People* v. *Mantilla, ante*, p. 35.

The motion for return and suppression of evidence sets up several grounds for nullity which we shall now discuss.

(*a*) That the search warrant is not addressed to Emilio Torres Pérez, the officer who executed it, or to anyone in particular, for its execution.

Section 507 of the Code of Criminal Procedure prescribes the manner in which the warrant shall be drafted. The one issued here follows the language of the statute, that is, it is addressed to (*a*) "any peace officer, policeman or detective, of the Municipal Judicial District of Río Piedras, Puerto Rico."

(*b*) That the search warrant was issued without any probable cause, inasmuch as its supporting affidavit contains mere conclusions of fact and of law.

After setting up this ground in his motion, the appellant admits that the affidavit is similar to that issued in the certiorari case of *People* v. *District Court*, 69 P.R.R. 383, where it was held sufficient, and he gives no ground for reversing said case.

■ (*c*) That the search warrant was issued to be executed in the daytime or at nighttime, in violation of the provisions of § 511 of the Code of Criminal Procedure.

Upon reading the affidavit of Torres Pérez, it will be noted that the material alleged to be in the possession of the defend-

ant was found in the place requested to be searched and this is all that the law requires for the warrant to be served either in the daytime or at nighttime.

■ (d) That the search warrant is void because in its directive part it contains no provision to the effect that it had to be executed and returned within 10 days after its date, as required by § 512 of the Code of Criminal Procedure.

In *People* v. *Mantilla, supra,* this question is decided adversely to appellant's contention.

■ (e) That the proceeding is void because the return fails to state that the officer executing it delivered to the person or left in the house searched a receipt for the property seized, pursuant to § 513 of the Code of Criminal Procedure.

Section 513 does not impose the obligation to state in the return that a receipt for the property has been left with the person in whose possession the articles were found, or in the house searched. It is for the defendant to request the receipt, if it is not delivered to him. *Cf. People* v. *Bracety,* 70 P.R.R. 631.

■ (f) That the proceeding is void because the return does not show that the house searched was the same against which the search warrant was issued.

The search warrant was issued against the house of John Doe, known as Ney, located at 7th Street of Capetillo, Río Piedras, of masonry, having a single story, painted in light cream color and doors and windows in brown, having a door and the window in front, bounded on the east by 7th Street of Capetillo, Río Piedras, Puerto Rico, on the south by an old garage and the other sides by other dwelling houses on that same street and in the return it is stated that a search was made of the house of Enrique Tonje Clemente, alias Ney.

Unless otherwise shown we must assume that John Doe (Ney) and Enrique Tonje Clemente (alias Ney) are the same person. Since the house was so minutely described in the search warrant and as the defendant was in it, when the return states that the house of Ney was searched, we may

conclude, in the absence of evidence to the contrary, that the house searched was the one described in the warrant.

■ (g) That the procedure followed under the search warrant was void because the return does not show that the officer who executed it (E. Torres Pérez) was one of the persons authorized to do so.

The search warrant was addressed to any peace officer of the Municipal Judicial District of Río Piedras. In *People* v. *Aybar*, 68 P.R.R. 6, we held that the field of action of a policeman or detective is not limited to a certain municipality or district. He may render services all over Puerto Rico, permanently or temporarily.

■■ The defendant also contends that the search warrant issued is not valid since it was not supported by an affidavit for the judge failed to examine the plaintiff, under oath, and even if he had, the oath was void since it was given before the Municipal Judge of Río Piedras, in Santurce, citing in support of this last contention *Partido Popular* v. *Gallardo*, 56 P.R.R. 677 and *People* v. *Ilarraza*, 56 P.R.R. 693.

The evidence was to the effect that detective Torres Pérez presented to the Judge an unsigned statement, that the Judge after reading it requested him to sign it, and the Judge also signed it, and based on this affidavit he issued the warrant. The oath does not require a solemn and ritualistic form.

Considering the second question, although it is true that the language in *Partido Popular, supra,* and *People* v. *Ilarraza, supra,* upholds appellant's contention, what it actually decides is that a Municipal Judge or Justice of the Peace may not administer oaths for actions to be exercised outside his district, but not that the Municipal Judge or Justice of the Peace must go to a certain place within his district in order to administer an oath.

■ The appellant argues that the lower court erred in admitting in evidence the money seized since no connection

was established between said money and the commission of the crime. Detective Torres Pérez testified that the lists of numbers seized were those used in *bolita*, which is played with money. Inasmuch as money and these lists were seized from the defendant, the connection between the money and the crime charged was established.

The defendant urges that the lower court erred in not eliminating the testimony of officer Torres Pérez, who executed the search warrant, concerning the seizure of certain evidence by another officer, despite the fact that said testimony was contrary to what is shown on the return.

Precisely in the return Torres Pérez asserts that he made the search together with other detectives, whom he mentions. Anything seized by them is considered as if he had personally seized it.

Lastly, we shall consider the question of whether the court erred in overruling the motion for nonsuit. Plainly the trial court acted correctly in denying it. The evidence showed that the defendant had in his possession *bolita* material, and according to *People* v. *Mantilla, supra*, that is sufficient.

The judgment will be affirmed.

---

Mr. Justice Todd, Jr., dissenting.

I dissent, because I consider that according to what was decided by this Court in *Partido Popular* v. *Gallardo*, 56 P.R.R. 677 and *People* v. *Ilarraza*, 56 P.R.R. 693, the oath given by detective Torres in Santurce before the Municipal Judge of Río Piedras, outside the territorial limits of the court for which the latter was appointed, is void, and consequently, so is the search warrant issued by said judge in this case. The opinion of the Court now limits the scope of our decision in *Partido Popular* v. *Gallardo, supra*, construing § 30 of the Code of Civil Procedure. I think that said Section was construed correctly in the above case and hence,

that inasmuch as the supporting affidavit was void, so was the search warrant, and therefore, the search was illegal.

As to the other questions decided in the opinion of the Court bearing on the impeachment of the search warrant because of the manner it was issued and executed, I think that the evidence showed that §§ 503, 504, 512, and 513 were not strictly complied with and on that ground too, the search was illegal.

The constitutional clause guaranteeing the right of the people to be secured against unreasonable searches and that no search warrant shall be issued but upon probable cause, supported by oath (§ 2 of our Organic Act) demands strict compliance with all the conditions or requirements prescribed by law to issue a search warrant, make a search, and return it executed, inasmuch as the constitutional guarantee and the proceedings authorized by law relative to searches, should be liberally construed in favor of the defendant. *Sgro* v. *United States*, 287 U.S. 206; *Grau* v. *United States*, 287 U.S. 124; *Boyd* v. *United States*, 116 U.S. 616; *Gouled* v. *United States*, 255 U.S. 298; *Go-Bart Co.* v. *United States*, 282 U.S. 344; *Byars* v. *United States*, 273 U.S. 28; *Marron* v. *United States*, 275 U.S. 192; *United States* v. *Lefkowitz*, 285 U.S. 452.

In the instant case the Sections of the Code of Criminal Procedure above cited were liberally construed, not in favor of the constitutional rights of appellant, but against him. I can not agree with that construction and I dissent. No matter how comendable the objective to enforce the provisions of Act No. 220 of 1948 prohibiting the clandestine game of *Bolita*, the officers called upon to do so are not authorized to violate one of the most sacred rights of a citizen. We should not, by judicial interpretation, render easier the violation of said right.

The judgment should be reversed.