## UNITED STATES v. CELEDONIA et al.

### Crim. No. 13242.

United States District Court
W. D. Pennsylvania.
Jan. 31, 1951.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Wm. R. Kalson, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a criminal action in which an indictment has been returned against the defendants, charging them with violation of the Internal Revenue Code, 26 U.S.C.A. Reference to the sections of the Code are not material to a determination of the question which arises. The matter for the consideration of the Court involves a motion to suppress evidence under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The motion is based on a legal proposition that an affidavit executed by investigators of the Alcoholic Tax Unit, in which it is set forth that as a result of the observations of the premises in question for a number of hours on three different dates, which resulted in a detection of strong odor of fermenting whisky mash emanating from the premises, when near the premises, does not set forth sufficient cause for the issuance of a search warrant.

Probable cause for the issuance of a search warrant exists where circumstances before the officer are such as to warrant a man of reasonable prudence in believing that an offense had been committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

Neither counsel nor the Court has been able to find any decision in the Third Circuit which lends any material aid to the determination of the question. The authorities seem to be unanimous in the conclusion that the sense of smell of strong odor of fermenting whisky mash near the premises on different dates and for a long period of time is sufficient cause for the issuance of a search warrant by the United States Commissioner on affidavit of investigators of the Alcoholic Tax Unit. Garhart v. United States, 10 Cir., 157 F.2d 777; United States v. Phillips, D.C., 34 F.2d 495; United States v. Lotempio, D.C., 58 F.2d 358; Wida v. United States, 8 Cir., 52 F.2d 424; Gracie v. United States, 1 Cir., 15 F.2d 644; Lee Kwong Nom v. United States, 2 Cir., 20 F.2d 470; McBride v. United States, 5 Cir., 284 F. 416.

The motion to suppress evidence is denied and it is directed that the above entitled action be placed on the trial list for the term of court which commences on February 12, 1951.