UNITED STATES of America,
Plaintiff,

v.

Edward PARHAM, Defendant.

Crim. A. No. 34591.

United States District Court,
E. D. Michigan, S. D.

March 30, 1955.

Frederick W. Kaess, U. S. Atty., Donald F. Welday, Asst. U. S. Atty., Detroit, Mich., for the Government.

Max Tauber, Detroit, Mich., for defendant.

FREEMAN, District Judge.

The information filed by the Government in this case charges the defendant, in substance, with possession of untaxpaid liquor in violation of 26 U.S.C.A. § 2803(a), and possession of an unregistered still in violation of 26 U.S.C.A. § 2810(a). Pursuant to Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., defendant has filed a motion to suppress the evidence seized by Government investigators on the ground that the affidavit for the search warrant issued in this case was insufficient in failing to allege sufficient facts constituting probable cause.

The affidavit in question states, in substance, that the affiant, an experienced

investigator for the Alcohol and Tobacco Tax Division, in the company of another investigator, on three occasions, while standing near the premises described in the affidavit as a dwelling house, detected the odor of fermenting mash fit for distillation emanating from the premises. It further states that the affiant is familiar with the odor of fermenting mash fit for distillation and can identify it. The claimed insufficiency is that the affidavit wholly lacks any averment of facts showing non-payment of required taxes or non-registration or non-licensing and, therefore, fails to show probable cause that a *federal* offense has been or is being committed. In support of this position defendant cites the case of United States v. Office No. 508 Ricou-Brewster Bldg., D.C., 119 F.Supp. 24, 28, wherein the same contention was raised. There the Court, in holding that the challenged affidavit went only halfway in establishing probable cause, stated:

"It contains facts reasonably tending to show only one of two necessary elements, namely, that a gambling business was being carried on at 508 Ricou-Brewster Building. It contains *no facts* reasonably tending to show the second essential element in order for there to have been a federal violation, namely, that the person or persons operating the business had not registered or paid the tax required by federal law."

■ The rule is well settled that probable cause for the issuance of a search warrant exists where the facts and circumstances before the officer are such as to warrant a man of reasonable prudence and caution in believing that an offense has been committed. Carroll v. United States, 267 U.S. 132, 161–162, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Garhart v. United States, 10 Cir., 157 F.2d 777; United States v. Celedonia, D.C., 95 F.Supp. 228; United States v. Stewart, D.C., 79 F.Supp. 313. Whether probable cause exists must be determined from the facts and circumstances of each particular case. It is contended by the defendant that since the affidavit for search warrant is insufficient for the reason stated, the search was illegal since a search based upon the presence of distinctive odors alone cannot be justified in the absence of a valid warrant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; United States v. One 1949 Buick Sedanette, D.C., 112 F.Supp. 218. But the Court cannot agree with defendant's major premise. Rather the Court believes the affidavit in question sufficiently sets forth probable cause that a federal offense has been committed on the premises searched.

■ Were the only federal "moonshining" offenses for which federal prosecution could follow those which have as an element thereof non-registration or non-licensing or non-payment of certain taxes, the Court would be inclined to agree with defendant's position, for the challenged affidavit wholly lacks any averment of such element and the reasoning of the Ricou-Brewster case, supra, would apply. However, it is clear that federal "moonshining" offenses, other than the type above referred to, exist. 26 U.S.C.A. § 2819, among other things, makes the use of distillation equipment in any dwelling house, or in any shed, yard, or inclosure connected with any dwelling house a crime, and 26 U.S.C.A. § 2834 outlaws, in part, at least, the making or fermenting of mash fit for distillation in any building or on any premises other than a duly authorized distillery. Therefore, upon detecting the odor of fermenting mash fit for distillation emanating from the dwelling house described in the affidavit, the investigator would have probable cause to believe a federal violation was occurring therein. Since the statute declares it to be unlawful to ferment mash in any building other than a duly authorized

distillery, and since the use of distillation equipment in a dwelling house is forbidden, it follows that the dwelling house which was searched could not have been a duly authorized distillery. Therefore, the detection, by an experienced investigator on several occasions, of the odor of fermenting mash fit for distillation emanating from the dwelling house involved was sufficient probable cause to warrant a man of reasonable prudence and caution in believing that an offense within the purview of 26 U.S. C.A. § 2834 was taking place. That is, that mash was being fermented in a building other than a duly authorized distillery. As authority for this holding, see United States v. Seiler, D.C., 40 F.Supp. 895, 896, a case in which the challenged affidavit was virtually identical with the one under consideration. In overruling defendant's motion to suppress, the Court stated:

"A distinction must be made between the sufficiency as probable cause of odors of whiskey in relation to the crime of possession of *untaxpaid* liquor, and the odor of *whiskey mash* in relation to the manufacture of liquor or the fermentation of mash for distillation or production of alcohol in a *dwelling house.* See 26 U.S.C.A. Int.Rev. Code § 2834. 26 U.S.C.A. Int.Rev. Code § 2819, prohibits stills in dwelling houses.

\* \* \* \* \* \*

"Therefore the odor of whiskey mash emanating from a dwelling house, detected by experienced revenue officers, was in itself probable cause for a reasonable belief that the statutes were being violated."

See also United States v. Celedonia, D. C., 95 F.Supp. 228, 229; Garhart v. United States, 10 Cir., 157 F.2d 777; United States v. Jakems, D.C., 12 F. Supp. 227.

The Court is of the opinion that the case at bar is more closely analogous to United States v. Trujillo, 7 Cir., 191 F.2d 853, than to Ricou-Brewster, supra. In Trujillo the same contention made here was raised, but the Court held the affidavit sufficient for the reason that there existed a statutory presumption that one in possession of narcotics had not paid the tax thereon. In short only one element, namely possession, had to be proven. Concededly, no such statutory presumption exists with respect to liquor violations, but, as stated, a violation of Section 2834 may be established without the necessity of showing non-registration or non-licensing or non-payment of certain taxes, by establishing the existence of fermenting mash in a proscribed distillery building, e. g., a dwelling house.

█ That the offenses for which defendant is charged differ somewhat from that for which probable cause is shown in the affidavit is immaterial. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.

Accordingly, the motion to suppress will be denied and an appropriate order may be presented.