ROBERTS, Justice.
Appellant was tried and convicted on a charge of violating the Beverage Act, F. S.A. § 561.01 et seq. by manufacturing and having in his possession moonshine whiskey and has appealed from the judgment of conviction.
On the appeal he contends that the search warrant under which his premises were searched and the incriminating beverage found was invalid because not based upon probable cause. There is no merit to this contention.
The affidavit upon which the search warrant was based read as follows: “I, Charlie Whitt, while standing on Johnson Road in front of the above described house, about 100' from the house smelled a strong odor of fermenting mash and I do believe and have reason to believe that there is a illegal distrillery (sic) on the above described premises.” This was sufficient to show probable cause that the Beverage Act was being violated in the manner charged.
In Pegueno v. State, Fla.1956, 85 So.2d 600, 602, this court distinguished between the odor of whiskey in relation to the crime of possession of untax-paid liquor, and the odor of whiskey mash in relation to the manufacture of liquor or the fermentation of mash for distillation or production of alcohol in a dwelling house, and said that “the rule in the latter situation is that ‘the odor of the whiskey mash emanating from a dwelling house, detected by experienced revenue officers, was in itself probable cause for a reasonable belief that the statutes were being violated’ ”, quoting United States v. Seiler, D.C.Md., 40 F.Supp. 895, 896. Charlie Whitt, a peace officer of four years’ service, was undoubtedly qualified to distinguish the unique odor of ferment *610 ing mash; and we think the magistrate was justified in issuing the search warrant upon his affidavit, quoted above, under the rule above mentioned.
The other question argued here by appellant has been considered and no reversible error has been found.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
TERRELL, C. J., and DREW, THORN-AL and O’CONNELL, JJ., concur.