## Commonwealth v. Patrone

*Charles Jay Bogdanoff*, for Commonwealth.
*Garfield W. Levy*, for defendant.

HAGAN, P. J., March 14, 1962.—Defendant was indicted under section 4601 of The Penal Code of June 24, 1939, P. L. 872, and charged with the offense of carrying on or conducting an illegal lottery. The matter came on for trial before the writer of this opinion on December 1, 1961.

Police Officer Hill, called by the Commonwealth, testified that he had obtained a search and seizure warrant from a Philadelphia magistrate in respect to premises 829 Kenilworth Street, Philadelphia; and that on April 18, 1961, he obtained entry into said premises and seized and confiscated certain paraphernalia which he testified represented the work product of a numbers writer. Counsel for defendant moved for the suppression of the alleged illegal paraphernalia on the ground that the search and seizure warrant had not been issued upon probable cause within the meaning of the cases interpreting the Fourth Amendment of the Constitution of the United States. Defendant's motion was refused by the court; and it is quite clear that had defendant's motion to suppress been granted, the Commonwealth could not have sustained its case against defendant and that he would have been acquitted.

The matter is now before us on defendant's motion in arrest of judgment.

At the trial it was established that a search and seizure warrant had been issued by a magistrate, and that in the section of the warrant titled "Probable cause and/or reasonable grounds" the officer had noted the following: "from surveillance and information I have real cause to believe and do believe that this property is being used illegally." It is agreed by counsel for defendant and the district attorney that the sole issue is whether the search warrant was properly issued. If so, defendant's motion must be denied; if not, defendant's motion must be granted.

In the recent landmark case of Mapp v. Ohio, 367 U. S. 643, the Supreme Court of the United States held that the Fourteenth Amendment to the United States Constitution extends the search and seizure provisions of the Fourth Amendment to criminal prosecutions in a State court. Thus, under the Mapp case, if the search warrant issued in the instant case was not issued in accordance with the provisions of the Fourth Amendment, then the warrant was invalid. The Fourth Amendment provides, inter alia, that ". . . no warrants shall issue, but upon probable cause, supported by oath or affirmation". The specific issue, therefore, is whether the warrant in the instant case was issued "upon probable cause, supported by oath or affirmation". The criterion to be employed in determining this issue was succinctly stated by the Supreme Court in the case of Grau v. United States, 287 U. S. 124, as follows:

"A search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury . . . [citing cases] and would lead a man of prudence and caution to believe that the offense had been committed." (p. 128)

Nathanson v. United States, 290 U. S. 41, was a case very similar to the instant case. There, as here, the issue before the court was whether a search warrant had issued on probable cause, supported by oath or affirmation, in accordance with the provisions of the Fourth Amendment. In the Nathanson case, the officer had stated under oath that he had cause to suspect and did believe that certain liquor upon which duties had not been paid was then deposited in the premises of defendant. The court there held that the warrant was not properly issued, because "It went upon a mere affirmation of suspicion and belief without any statement of adequate supporting facts." (p. 46). The court also stated that "Mere affirmance

of belief or suspicion is not enough." (p. 47).

Another similar case is Reeve v. Howe, 33 F. Supp. 619 (Eastern District Pa.). In that case, a Philadelphia magistrate had issued a search warrant on an affidavit of a Federal officer that, upon information and belief, seditious matter was to be found at a certain designated location. Judge Welsh held, relying upon Grau v. United States, supra, that the warrant was not issued upon a sufficient oath or affirmation of probable cause.

Applying the criteria of the foregoing cases, it is clear that the search warrant in the instant case did not issue "upon probable cause, supported by oath or affirmation". The averment of alleged probable cause in the instant search warrant was, if anything, less specific than in any of the above-cited cases. The officer merely stated that "from surveillance and information I have real cause to believe and do believe that this property is being used illegally." There is nothing to indicate what the surveillance consisted of; what, if anything, it revealed that gave the officer cause to believe that the property was being used illegally; nor does it indicate what, if any, illegal use was being made of the property. If a search warrant could properly issue upon an oath or affirmation as vague and ambiguous as the one made in the instant case, it is difficult to conceive of any situation where one could not properly issue. If we were to uphold the search warrant issued in this case, the protection intended to be afforded by the Fourth Amendment would be rendered practically meaningless.

For the foregoing reasons, we hold that the search warrant in the instant case was not issued "upon probable cause, supported by oath or affirmation" as required by the Fourth Amendment to the United States Constitution; and accordingly, defendant's motion in arrest of judgment is hereby granted.