Chief Judge Desmond (dissenting).
In People v. Loria (10 N Y 2d 368, 370 [Nov. 30, 1961]), adhering to the “general rule that we give effect to the law as it exists at the time of our decision ” and citing Knapp v. Fasbender (1 N Y 2d 212, 243) and other authorities, we held that we were bound to apply Mapp v. Ohio (367 U. S. 643) to pending appeals in this court. We are repeating that same statement of law in People v. Muller (11 N Y 2d 154), handed down today. Yet in the present case we are creating an unfair, illogical and inconsistent limitation of the “ general rule ”. We are now saying that we will not apply the new law in a pre-Mapp case unless on the trial the defendant’s counsel did what was then futile, unreasonable and contrary to the then law, that is, object to the admission of testimony which under the unquestioned New York law and Federal law (People v. Defore, 242 N. Y. 13, cert. den. 270 U. S. 657; Wolf v. Colorado, 338 U. S. 25) was clearly admissible. So the client whose counsel took a groundless objection gets the benefit of the later (Mapp) change in law while the client whose lawyer refrained from mouthing a meaningless objection is prejudiced because his lawyer took the correct position.
So restricted an application of the general rule giving a suitor the benefit of a change in law ignores the rationale of the general rule. “It is in general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied ” (United States v. Schooner Peggy, 1 Cranch [5 U. S.] 103,110, quoted in Robinson v. Robins Dry Dock & Repair Co., 238 N. Y. 271, 281). We are here “ denying ” the law of Mapp (supra) in a case in which, as we shall show, Mapp is clear authority for a reversal.
There is nothing in New York law which says that we are deprived of jurisdiction by the absence of an objection. Neither the Constitution nor any statute raises such a bar. An objection *162 is ordinarily made by a party to call the court’s attention to a point of existing law and, in the event of its being overruled, to preserve for the appellate court “ the question of law that he hopes thereafter to review in [that] court” (People v. Bresler, 218 N. Y. 567, 573). The requirement of an objection is waived when “ justice and fairness ” so dictates (People v. Nixon, 248 N. Y. 182, 189). Surely this is a case for such a waiver. This court should not put itself in the position of insisting on an objection to call attention to a “ question of law ” which did not exist at the time.
Since the majority decline to examine into the real question presented by the appeal, we dissenters will not give it extended treatment. The officer who presented the offending evidence obtained it by a trespass. He had stationed himself on an upper landing of a fire escape outside defendant’s apartment and heard conversations interpreted as connected with gambling-activities. His presence was a violation of defendant’s rights to privacy in his home and “ curtilage ” (Kroska v. United States, 51 F. 2d 330; Wakkuri v. United States, 67 F. 2d 844; United States v. Blok, 188 F. 2d 1019; see Watchtower Bible & Tract Soc. v. Metropolitan Life Ins. Co., 297 N. Y. 339, 348). Evidence seized by means of a trespass is inadmissible under the Fourth Amendment (Silverthorne Lbr. Co. v. United States, 251 U. S. 385; Johnson v. United States, 333 U. S. 10).
The judgment should be reversed and the information dismissed.
Judges Dye, Burke and Foster concur with Judge Froessel; Judge Van Voorhis concurs with Judge Froessel in a separate opinion in which Judges Dye, Froessel, Burke and Foster concur; Chief Judge Desmond dissents in an opinion in which Judge Fuld concurs.
Judgment affirmed.