**UNITED STATES of America**

v.

**Roy Lee HARMON and George Elmer Nelson.**

**Crim. A. No. 17748.**

United States District Court,
E. D. Tennessee, N. D.

June 11, 1970.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

William E. Badgett, Knoxville, Tenn., for defendants.

## OPINION

ROBERT L. TAYLOR, District Judge.

Defendants, Roy Lee Harmon and George Elmer Nelson, have been charged by the grand jury in a seven count indictment relating to an alleged illegal whiskey operation. Defendants have moved to suppress any and all evidence obtained by the federal officers or any other officer as a result of a search and seizure made on the premises in possession of defendant George Elmer Nelson, Route 4, Sweetwater, Tennessee, on October 22, 1969, for the reason that the search was conducted in violation of defendants' constitutional rights in violation of the Fourth and Fifth Amendments of the Constitution of the United States in that the search was made without a valid search warrant issued on probable cause and in fact was made without a warrant at all.

Defendants claim further that the warrant was invalid for the reason that it contained an improper description of the premises to be searched in that the residence which was searched was a red one-story frame house instead of a brown two-story frame house as described in the warrant. Further, the search was illegal because a copy of the warrant was not shown to either of these defendants or served upon either of them. On information and belief, defendants charge that there was no search warrant in existence.

The Court has heard detailed proof of defendant George Nelson, Mrs. Nelson, Sheriff Russell, Deputy Sheriffs Arden and Sheppard, Federal Officer Douglas Altizer of the Alcohol, Tobacco and Firearms Division, and also the defendant Roy Lee Harmon in rebuttal.

There was filed as an exhibit in the record the original, as well as a copy, of the search warrant which was issued by U. S. Commissioner Harve Duggin on the 17th day of October, 1969. A description of the property as contained in the warrant is:

" * * * the premises of John Doe Alias, the same being a brown, two-story frame house, with a tin roof, a small outbuilding and an unpainted barn with a tin roof, located as follows: Beginning in Greenback, Loudon County, Tennessee, at the intersection of Tennessee Hiway 95 and Morganton Road, in front of the Greenback School, proceed in a southwesterly direction on the Morganton Road, for approximately 3¾ miles, to the point were the Morganton Road comes to a dead end at the Little Tennessee River, in the Morganton section of Loudon County, Eastern Judicial District of Tennessee."

The warrant was issued upon affidavit for a search made by Mr. Altizer, the federal officer. The affiant stated that:

"I have been an Investigator with the Alcohol, Tobacco & Firearms Division for nine years. During that time I have smelled the odor of fermenting mash on many occasions and am thoroughly familiar with it. On October 13, 1969, I received information from Tennessee Alcoholic Beverage Commission Agent Avery Mills, that an unregistered distillery had been set up on the above described premises in the Morganton section of Loudon County, Tennessee. On October 17, 1969, about 3:30 p. m., I was in a pine thicket about 50 yards east of the barn. I smelled the unmistakable odor of fermenting mash coming from the barn."

In the opinion of the Court, and it finds, that the affidavit made by Mr. Altizer was sufficient to show probable cause to U. S. Commissioner Duggin for the issuance of the warrant. United States v. Celedonia, 95 F.Supp. 228 (W. D.Pa.1951) citing cases; also see, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

The Court is further of the opinion that the description of the property was sufficient to enable a stranger to go to the house in question. There is a dispute as to the color of the house. Black and white photographs have been introduced showing the house. Defendants claim the house was red; Officer Altizer believed that the house was brown. The Court cannot tell from the pictures whether the house is red or brown, but it appears to the Court from the photographs and the rural location of the house that the description in the search warrant is adequate. "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." Steele v. United States No. 1, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757; Fine v. United States, 207 F.2d 324 (C.A.6, 1954) applying Steele.

As to the failure of the officers to leave an inventory or to read the warrant to the defendants before it was served, Criminal Rule 41(d) provides in part:

"The warrant may be executed and returned only within 10 days after its date. The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer. The judge or

commissioner shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant."

There is some dispute as to whether this warrant was shown to these defendants before the search was made. There is also a dispute as to whether the defendants were given a receipt.

After the search was made and the illegal items were found in the barn, and before the officers had an opportunity to go over the inventory with the defendants, defendants were taken by the officers to jail. Mr. Altizer testified that he left an inventory in the barn. He also testified that he gave an inventory of the property taken to defendant Nelson shortly after the Commissioner's hearing on the following morning.

In the opinion of the Court, and the Court finds as a matter of fact, that nothing was done by the officers or nothing that the officers failed to do under the Federal Criminal Rule 41(d) invalidated the warrant. In the opinion of the Court this was a valid search and the Court so holds.