## LOCHNANE et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 10, 1924.)

No. 4313.

1. **Intoxicating liquors ⬅248—Affidavit charging hotel proprietor with possession, transportation, and sale of liquor, without statement of evidentiary facts, held insufficient.**

Federal prohibition agent's affidavit, that named proprietors of described hotel had been and were "possessing, transporting, and selling intoxicating liquor for beverage purposes" on the hotel premises, without a statement of the evidentiary facts, *held* insufficient for issuance of search warrant, under Const. U. S. Amends. 4, 5, and Espionage Act, tit. 1, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212e).

2. **Searches and seizures ⬅3—Judicial officer not authorized to issue search warrant, in absence of affidavit or deposition showing the facts.**

Under Espionage Act, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212e), a judicial officer, before issuance of search warrant, must have before him, by affidavit or deposition, the facts tending to establish the grounds of the application, or probable cause for believing that the facts exist.

3. **Criminal law ⬅394—Evidence obtained by means of illegal search warrant held inadmissible.**

Evidence obtained by means of illegal search warrant *held* inadmissible.

4. **Criminal law ⬅1169(2)—Admission of evidence obtained by means of illegal search warrant held ground for reversal, notwithstanding other evidence.**

In prosecution of hotel proprietors, for possession of intoxicating liquor, admission of evidence obtained by means of illegal search warrant *held* ground for reversal, notwithstanding other testimony of prohibition agent that he went into hotel room, found two glasses of beer and empty beer bottle on table therein, and saw two men in the room, in absence of evidence that defendants were present in the room, or had sold or served the beer.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Elsie Lochnane and Mildred White were convicted of the unlawful possession of intoxicating liquor, and they bring error. Reversed.

Edward H. Chavelle, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiffs in error, Lochnane and White, were convicted of unlawful possession of intoxicating liquor. Before the trial of the case the court overruled defendants' motion to suppress certain evidence, on the ground that the affidavit upon which the search warrant was based failed to state any facts upon which the commissioner could have based a finding of probable cause, and that the search and seizure were void and illegal, as made in violation of the Fourth and Fifth Amendments to the Constitution.

The affidavit upon which the search warrant issued was made by G. B. O'Hara, who deposed that he was a federal prohibition agent; that a crime was being committed in Seattle, Wash., in that one Myrtle Olson, Mildred White, and Ray Johnson, proprietors, had been and then were "possessing, transporting, and selling intoxicating liquor, all for beverage purposes, on the premises described as Ottawa Hotel, 818 First avenue, Seattle, Wash., and on the premises used, operated, and occupied in connection therewith, * * * all of said premises being occupied or under the control of said Myrtle Olson, Mildred White, and Ray Johnson, all in violation of the statute in such cases made and provided." Based upon that affidavit a search warrant, following the language of the affidavit as to "possessing, transporting, and selling intoxicating liquor," upon the premises described in the affidavit, was issued, and upon service of the warrant upon one of the defendants and search of a room found to be locked, the key to which was produced by Mildred White,

one·of the defendants, a quantity of intoxicating liquor was found. Upon the trial there was evidence that· defendants Mildred White and Elsie Lochnane were in control of the hotel.

[1, 2] We are of opinion that the mere sworn general statements that a proprietor of a hotel at a certain place is unlawfully possessed of intoxicating liquor for beverage purposes, or is transporting or selling the same, is not sufficient to warrant a judicial finding of probable cause for the issuance of a search warrant which directs a search of the hotel named. It is fundamental that under title 1, section 5 of the ·Espionage Act, 40 Stat. 228 (Comp. St. 1918, ·Comp. St. Ann. Supp. 1919, § 10212e), ·before a judicial officer is authorized to issue a search warrant, he must have ·before him, by affidavit or deposition, the facts tending to establish the grounds of the application, or probable cause for believing that the facts exist. Tested by this requirement, the affidavit under consideration is fatally defective. It lacks any statement of an evidentiary fact tending to show that the defendants illegally possessed intoxicating liquor, or were transporting or selling liquor. Not a circumstance is set forth tending to show that affiant had any knowledge to·support his conclusion. When the validity of such ,an affidavit was before the Circuit Court of·Appeals for the First Circuit (Giles v. United States, 284 F. 208, 214), the court said: "It is not enough that the form of this affidavit leaves it possible that the affiant .might have personal knowledge as to the possession of intoxicating liquor and as to facts tending to show that such possession was illegal. It should have affirmatively appeared that he had personal knowledge· of facts competent for a jury to consider, and ·the facts, and not his conclusion from the facts, should have been before the commissioner." Tynan v. United States (C. C. A.) 297 F. 179; Woods v. United States (C. C. A.) 279 F. 706. With that view we agree.

[3, 4] Counsel for the government say that, even if it be held that the search warrant was void, the. circumstances are such that no search warrant was necessary. The contention is based upon the testimony of a prohibition agent that he went into a room in· the hotel and found two glasses of beer upon a table and an empty beer bottle, and saw two men in the room. There is no evidence that any of the defendants were present in the room, or had sold or served the beer. We think it ·evident that the verdict was based upon the principal evidence, all of which pertained to the execution of the void search warrant and the quantity of liquor found in the room illegally searched.

Our conclusion is that, inasmuch as the rights of the defendants were materially prejudiced by the overruling of the motion to suppress the evidence, defendants are entitled to a reversal of the judgment against them.

Judgment is reversed.