## KOHLER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 7, 1925.)

No. 4616.

1. **Intoxicating liquors** ⬅248—**Issuance of search warrant authorized only on probable cause supported by evidence.**

Act June 15, 1917, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), construed with Fourth Amendment, authorizes issuance of search warrant to seize liquor only on probable cause, supported by affidavit setting forth facts tending to establish grounds of application or probable cause for believing that they exist.

2. **Intoxicating liquors** ⬅248—**Affidavit held insufficient to support search warrant.**

Under Act June 15, 1917, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), construed with Fourth Amendment, affidavit of prohibition agent alleging illegal sale of intoxicating liquor on accused's premises, made on information sworn to by others and not on personal information, and with spaces for date of transactions blank, *held* insufficient to support search warrant.

3. **Criminal law** ⬦⟶395—Evidence procured under warrant not supported by affidavit showing probable cause held inadmissible.

Where search warrant recited that it was issued on prohibition agent's affidavit, and such affidavit did not sufficiently show probable cause, as required by Act June 15, 1917, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), and Fourth Amendment, personal property procured thereunder was inadmissible, notwithstanding agent's testimony that commissioner, in issuing warrant, considered affidavits of other persons.

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

George Kohler was convicted of unlawful possession of intoxicating liquor, and he brings error. Reversed and remanded.

Lamy & Smith, Louis Lamy, and F. H. Smith, all of Los Angeles, Cal., for plaintiff in error.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson and J. Geo. Ohannesian, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Kohler, defendant below, was convicted of unlawful possession of intoxicating liquor, and by due procedure on writ of error presents the question of the validity of a search warrant issued on August 20, 1924, and the admissibility of personal property taken and seized thereunder.

The material recitals of the search warrant are that, whereas, William R. Donnelly, a prohibition agent, was on the 29th day of September, 1924, duly sworn and examined under oath, and made affidavit, which is made part of the warrant; and "whereas, from the said examination and facts set out in said affidavit, I, B. J. Dillon, being thereupon and therefrom satisfied of the existence of the grounds of the application, and that there is probable cause to believe that the grounds of and upon which the application is based do exist: I find that there is probable cause for the issuance of this warrant; that the particular ground and probable cause for the issuance of this search warrant are the facts and circumstances set out in the affidavit of William R. Donnelly, hereto attached and made a part hereof, as hereinbefore set out."

The affidavit of Donnelly, dated September 29, 1924, after setting up that he makes the affidavit to obtain a search warrant to search the dwelling house, outhouses, and premises occupied by Kohler, situate at 1337 Broad street, San Luis Obispo, Cal., and especially the garage, avers that on the premises, about the —— day of ——, 1924, intoxicating liquor was being kept, sold, possessed, and bartered, and continues: "The affidavit is made upon information sworn to by persons who have repeatedly bought of said Hansen, and seen him go back thereto and get the liquor before delivering it to them; also by others who have seen Hansen carrying what was supposed to be liquor from the said garage."

Before trial a motion to quash was heard. The motion was supported by affidavits setting forth that a raid had been made on the premises, which were the private residence of Kohler. In opposition to the motion the court had the affidavits of certain police officers and prohibition agents, who stated that they had participated in the raid on the premises, and that "on or about the 30th of September, 1924," Mrs. Weidenauer and her sister made joint affidavit that they had purchased liquor from Kohler, and that the said affidavit was on file with the commissioner. The court then heard the oral evidence of Donnelly, the prohibition agent, who said that he knew Commissioner Dillon, that he was present when the search warrant was issued, that the women named in the affidavit heretofore referred to had filed an affidavit to the effect that they had purchased liquor at Kohler's place, and that he believed that their affidavit was made and filed September 28th, about two days prior to the issuance of the search warrant. No affidavit of Mrs. Weidenauer and her sister was produced. Donnelly was then asked if he knew of his own knowledge whether Judge Dillon "considered those affidavits in issuing the search warrant in question." The answer was: "I did." Thereupon the court denied the motion to quash, and exception was saved.

[1] It is said that the record was incomplete, but that the testimony of Donnelly to the effect that the commissioner considered the affidavit of the women before he issued the warrant was enough to show that the warrant was issued on probable cause. Title 11 of the Espionage Act, 40 Stat. 217, 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), when construed with the Fourth Amendment, authorizes search warrant to seize liquor to be issued only on probable cause, supported by affidavit, setting forth the facts "tending to

establish the grounds of the application or probable cause for believing that they exist." Such is the opinion of the court in Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, and Lochnane v. United States (C. C. A.) 2 F.(2d) 427, where it was also said that the warrant must state the particular grounds or probable cause for its issue, "and the names of the persons whose affidavits have been taken in support thereof," etc. Again, in Agnello v. United States, 46 S. Ct. 4, 70 L. Ed. —— (Oct. 12, 1925), the Supreme Court puts stress upon special limitations which surround the obtaining of a search warrant to search a private dwelling.

[2, 3] In this matter the commissioner was not called as a witness, nor was any record of his official acts produced; so that, except for the testimony of Donnelly that before he issued the warrant the commissioner considered the affidavits of the women, there is nothing whatever to negative the statement in the warrant itself that from the examination and facts set out in the affidavit of Donnelly he was satisfied of the existence of the grounds of and upon which the application was based, and that there was probable cause. The defects in Donnelly's affidavit are glaring. The spaces for the day and the month are not filled in, and while affiant states that sales are being made on the premises, he does not set forth a fact or a circumstance showing he had any ground for his conclusion, or tending to support his conclusion. On the contrary, he shows that he had no personal knowledge by his statement that his affidavit was made on information sworn to by others who had seen defendant get liquor for delivery, and others who had seen defendant carrying what was supposed to be liquor. Such a showing, made for the issuance of a search warrant to enter one's private dwelling, is radically insufficient. It affords no reasonable ground for issuance of the process by which an entry can be made, and cannot stand.

In United States v. Casino (D. C.) 286 F. 976, Judge Learned Hand referred to the constitutional protection as intended to prevent violent entries until evidence is obtained independently of the entries themselves, or of the admissions involved in seeking redress for the wrong done. "Were it not so," he wrote, "all seizures would be legal which turned out successful." He continued: "For a similar reason it is not material that the other evidence is absent, which was before the commissioner, and which

may have induced him to deny quashal of the warrant. While under section 16 he must decide after hearing whether on all the facts there were reasonable grounds for the warrant, that does not dispense with the necessity for allegations in the affidavits themselves, which, if true, show a self-subsisting ground for the issuance of the warrant. It is not enough that on the hearing other grounds may appear, even though not upon evidence extracted by the search itself. The showing for the issue must be enough to stand alone, and must be proved upon the hearing, if challenged. It will not do to abandon the 'reasonable cause' first asserted, and support the search upon a new charge. In this respect the affidavits are like pleadings. Other corroborative evidence, no doubt, is admissible for the United States; but the original allegations must in the end be supported. * * * Hence, as it seems to me, the petitioner, however guilty in fact, was the subject of an illegal search, and is entitled to a return of the property seized." People v. Knopka, 220 Mich. 540, 190 N. W. 731.

As it did not appear that the search warrant was issued upon the constitutional and statutory requirements of a showing of probable cause, it should have been held that the evidence procured was inadmissible. Judgment is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

GILBERT, Circuit Judge (dissenting). I confess my inability to follow the reasoning of the majority of the court in reaching the conclusion that, because in the search warrant the commissioner made express mention of but one of the affidavits which were before him when he issued the same, and because he was not called as a witness to testify that he did in fact consider all the affidavits, the judgment must be reversed. It is not disputed that the affidavits, if all were considered, were sufficient. The fact that but one affidavit was referred to in the warrant is explainable on the ground that the commissioner must have deemed it unnecessary to mention the others. But they were all before him, and the presumption should follow that he considered them all.

In addition to that presumption, there was actual and sufficient proof that he did consider them all. Certainly it cannot be said that no competent proof that he did consider them all could have been furnished,

otherwise than by his own testimony.. Obviously circumstances might arise, to prevent the production of such testimony. All the necessary proof was furnished by the testimony of the prohibition agent, who stood by and observed the fact that the commissioner considered all the affidavits. That testimony was prima facie sufficient. If further information was desired as to how the witness knew that the commissioner considered the affidavits, whether he discussed them with the witness or read them in his presence, the facts might have been adduced by the petitioner on cross-examination. His counsel was content to let the matter rest upon the showing so made, and, when the court inquired of him, "Any cross-examination?" answered: "No, sir; I simply rely on the record. The record shows that the search warrant was issued on the affidavit of Mr. Donnelly alone." He relied upon the proposition that the recital in the warrant was conclusive. The burden of proof was upon the petitioner to show that the search warrant was illegally issued. He made a prima facie case of illegality when he pointed out the defects of the affidavit referred to in the warrant, but his prima facie case was overcome by the proof that in fact the warrant was issued upon all the affidavits.

"It is the existence of probable cause, and not the finding by the magistrate, that makes warrant issue legal, and, as the existence of probable cause must be disclosed by the affidavit, the question before the Commissioner, the court below, and this court is: Do the affidavits in question show probable cause?" Hawker v. Queck, 1 F.(2d) 77. "There is no requirement that the satisfaction of the officer shall be either preserved or expressed in writing or in the warrant. His satisfaction may be presumed from the fact of the issuance of the warrant." Tucker v. United States (C. C. A.) 299 F. 235. "The affidavit upon which the search warrant was asked was not the only paper before the commissioner. He had the complaint and affidavit upon which the warrant of arrest was sought. Both of these could be, and in fact were, used in determining probable cause. These papers together make out a showing of probable cause. * * * But, under the circumstances of the issuance of both warrants in this case, the action of the commissioner was justified in law, and the government is not estopped from relying upon the entire record, by the failure of the Commissioner to clearly state that his conclusions are not drawn from one complaint or one affidavit alone." In re Rosenwasser Bros. (D. C.) 254 F. 171.

I submit that the judgment should be affirmed.