**CHIN KAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17469.**

United States Court of Appeals
Ninth Circuit.

Nov. 26, 1962.

Rehearing Denied March 4, 1963.

Murray, D. J., dissented.

**318**

John H. Riordan, Jr., and William ·Gintjee, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Laurence E. Dayton and John Kaplan, Asst. U. S. .Attys., San Francisco, Cal., for appellee.

Before HAMLEY and HAMLIN, Cir-·cuit Judges, and MURRAY, District .Judge.

HAMLIN, Circuit Judge.

Appellant appeals from a judgment ·of conviction following a jury trial finding him guilty of the offense of fraudulently and knowingly concealing narcotics ·in violation of 21 U.S.C. § 174.[1] Jurisdiction of this court is invoked by appellant under 28 U.S.C. § 1291.

Appellant and one Wong Shew were indicted in a two-count indictment. The first count charged appellant and Wong Shew with the unlawful possession of narcotics in Watsonville, California, on or about the 27th day of September, 1960. Count two charged appellant alone with the unlawful possession of narcotics in Watsonville, California, on September 28, 1960. After the indictment and before the trial, the co-defendant Wong Shew died and no evidence was presented as to the first count of the indictment, which was eventually dismissed by the government, and trial of the appellant on the second count resulted in the conviction from which the present appeal is taken.

The narcotics which appellant was convicted of concealing were seized at his home at 107-B Marchant St., Watsonville, California, on September 28, 1960, pursuant to a search warrant issued by a United States Commissioner.

Prior to trial appellant moved under 41(e) of the Federal Rules of Criminal Procedure[2] to suppress the evidence seized at appellant's home on September 28, 1960, on the ground that the search warrant was invalid because issued without probable cause, and that said search and seizure at appellant's home was in violation of appellant's rights under the

---

1. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000."

2. Rule 41(e) provides:
"Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that * * * (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, * * *. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

Fourth Amendment of the Constitution.[3] Extensive evidence and argument on the motion to suppress was heard by the district court prior to trial and motion was denied. Thereafter, during the trial, objection was made to the admission in evidence of the narcotics seized at appellant's home under the search warrant on the ground that the warrant was invalid and search and seizure illegal for the same reasons previously urged on the motion to suppress and the objection was overruled, and the objection was again made and overruled at the close of all the evidence.

The sole question presented on this appeal concerns the validity of the search warrant and the search for and seizure of narcotics at appellant's home on September 28, 1960. If the search and seizure were invalid the narcotics seized were inadmissible in evidence against appellant under the provisions of Rule 41 (e), and his conviction cannot stand.

The affidavit for the search warrant made by one Ira Feldman, Agent of the Federal Bureau of Narcotics, recites the following:

"On or about September 20, 1960, I was told by Agent Charles Fahey of the Federal Bureau of Narcotics that he, in the company of a confidential informant, had travelled to Watsonville, California, that he had placed transmitting devices on the confidential informant; that he had seen the confidential informant enter at Suey Sing Benevolent Association on Bridge Street, No. 118, Watsonville, California; that over the transmitting device he had heard the confidential informant talk with someone who answered to the name of Chin; that that person had said he could provide opium to the confidential informant, and was in the narcotics business. There was also mentioned in the conversation that the person answering to the name of Chin was the President of the tong.

"Furthermore, Agent Fahey told me that he had searched the confidential informant before he entered the Suey Sing Tong and found no narcotics on his person and that when the confidential informant 20 minutes later had emerged from the Suey Sing Tong the confidential informant surrendered narcotics to Agent Fahey;

"That on September 27, 1960, I was on the open ground of the Suey Sing Benevolent Association and there smelled the unmistakable odor of opium having been recently smoked at many places within the tong headquarters;

"That 3 informants whom I have reason to believe, without apparent prior conversations with each other, separately all stated to me that Chin Kay keeps narcotics at his house at 107B Marchant Street, Watsonville, California, and at his place of business at 151 Main Street, Watsonville, California, the China Cafe;

"That of my knowledge, one Chin Kay is the president of the Suey Sing Benevolent Association; that he lives at 107B Marchant Street, Watsonville, California; that his place of business is 151 Main Street, Watsonville, California; that he has control and keys available to gain admittance to those places where the said opium was smoked; and that Chin Kay admitted to me that he had prior conviction for a former violation of the Federal Narcotics Laws."

It is appellant's position, first, that the affidavit, on its face, is insufficient because it contains no facts within the affiant's personal knowledge, as distinguished from conclusions and beliefs,

---

3. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

sufficient to establish probable cause for the issuance of the warrant.

Secondly, it is appellant's further position that even if the affidavit on its face showed probable cause for the issuance of the search warrant, the evidence presented at the hearing on the motion to suppress and at the trial, established that at the time the search warrant was issued, the officers did not in fact have sufficient competent evidence to show probable cause for the issuance of the search warrant.

■■■ We must reject appellant's first contention that the warrant is insufficient on its face to establish probable cause for the issuance of the search warrant. Probable cause exists where the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Rodgers v. United States, (9th Cir.) 267 F.2d 79, 85. The same cases also stand for the proposition that hearsay evidence may provide the probable cause necessary for either an arrest without a warrant, or for the issuance of an arrest warrant or a search warrant, if a substantial basis for crediting the hearsay evidence is presented.

■■ In this case Agent Feldman, in making the affidavit for the warrant, and the Commissioner, in issuing the warrant, were justified in giving credence to the information furnished Feldman by his fellow Narcotic Agent, Fahey. That information was to the effect that Fahey had listened in on an alleged narcotic transaction between an informer and a person who answered to the name of Chin; that Chin stated he was in the narcotics business and could provide opium to the confidential informer. In the course of the conversation it was mentioned that the person answering to the name Chin was President of the Suey Sing Tong.[4] This statement or admission by the person answering to the name of Chin, who was identified in the conversation as being the president of the Tong, that he was in the narcotics business, together with Agent Feldman's personal knowledge recited in the last paragraph of the affidavit that the appellant, Chin Kay, was President of the Tong, and had admitted to Feldman that he had a prior conviction under the narcotic laws, would furnish sufficient probable cause to issue a warrant for a search of Chin Kay's house.[5] These essential allegations are contained in paragraphs 1 and 5 of the Feldman affidavit. As Judge Weinfeld, in the District Court of the Southern District of New York, stated in U. S. v. Klapholz, D.C., 17 F.R.D. 18, 25, affirmed 230 F.2d 494 (C.A.2, 1955), cert. denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454, "considering the nature of the objects of the search (in that case diamonds), the defendant's admission was sufficient to warrant a search of her premises or any other place under her exclusive control." So here, a statement by a person whom the agent could reasonably identify as appellant that he was in the narcotics business was sufficient to warrant a search for narcotics in his home or any other place under his exclusive control.

■■■ Appellant's further contention is that even if the affidavit on its face

4. In the affidavit and throughout the hearing on the motion to suppress and the trial, the Suey Sing organization is referred to as the Suey Sing Benevolent Association and the Suey Sing Tong, interchangeably. Both names refer to the same organization and there is no significance in the different titles.

5. In addition to any other information that may have come to Agent Feldman it is uncontradicted that he was advised by the Chief of Police of Watsonville that Chin Kay was President of the Suey Sing Tong and by Agent Wong that Chin Kay's residence was on Marchant Street in Watsonville.

showed probable cause for the issuance of the search warrant, the evidence produced at the hearing on the pre-trial motion to suppress and at the trial established that the officer did not in fact have sufficient competent evidence to show probable cause for the issuance of the search warrant. This contention must likewise be rejected. The burden is on a defendant who seeks to suppress evidence obtained under a regularly issued search warrant to show the want of probable cause. Batten v. United States (5th Cir.), 188 F.2d 75–77; United States v. Warrington, D.C., 17 F.R.D. 25, 29; United States v. Okawa, D.C., 26 F.R.D. 384, 386; Wilson v. United States (10th Cir.), 218 F.2d 754, 757. In this case appellant not only failed to sustain his burden, he produced no proof to controvert the essential allegations of paragraphs 1 and 5 of the affidavit.[6] At the hearing of the pre-trial motion to suppress, the only witnesses produced by appellant were the Chief of Police and a police officer of the city of Watsonville. They testified only as to the occurrences at the Tong headquarters on September 27th. They had no knowledge of and in no way contradicted the essential allegations contained in the first and last paragraphs of the affidavit on which the search warrant was based. These two paragraphs referred to occurrences upon September 20th, one week prior to the day the Watsonville police officers went with the federal officers to the Tong headquarters.

The activities on September 27 were the basis for Count one of the indictment where Wong Shew and the appellant Chin Kay were charged with a narcotic violation. However, at the time of the trial Wong Shew had died and no evidence was introduced by the government in support of Count one of the indictment. During the trial, upon motion of the government, Count one of the indictment was dismissed. No narcotics seized on the afternoon of September 27 were offered in evidence, nor was evidence offered by the government as to anything that occurred on that day. The sole evidence offered by the government was as to the search on September 28 of Chin Kay's home where narcotics were found and which narcotics were admitted into evidence. During the trial the only way that any of the occurrences on September 27 were mentioned was by reason of cross-examination by appellant's counsel of government witnesses. Neither at the hearing of the pre-trial motion nor at the trial was any evidence produced to contradict the essential allegations contained in the first and last paragraphs of the affidavit upon which the search warrant was based.

The attack on this appeal is made upon the ground that paragraphs 3 and 4 of the affidavit upon which the search warrant was based were not sufficient to justify the issuance of the search warrant. The evidence offered at the pre-trial motion and at the trial also was an attack upon the sufficiency of the statements contained in paragraphs 3 and 4 of the affidavit and as to whether those statements in paragraphs 3 and 4 were true or not. We believe it unnecessary for us to determine whether paragraphs 3 and 4 of the affidavit were sufficient or not, or whether the evidence produced at the pre-trial motion or on the trial supported or did not support the allegations contained in these two paragraphs.

Assuming arguendo that these two paragraphs of the affidavit contained material inadmissible to serve as a basis for the issuance of a search warrant, this fact does not invalidate the warrant if in addition the affidavit contains other essential allegations sufficient to establish probable cause. Clay v. United States, 246 F.2d 298, 304 (C.A.5 1957). We have already held above that the first and last paragraphs of the affidavit were sufficient to justify the search warrant and therefore even if the allegations of the third and fourth paragraphs or the evidence to sustain those allegations was

---

6. Even when appellant testified at the trial his experienced counsel did not ask him to deny making the statements on September 20th that he was in the narcotics business and that he could provide opium.

not sufficient,[7] we hold that the search warrant was properly issued.

The proof is uncontroverted that when the search warrant was executed and served on September 28th narcotics were found in appellant's home. The evidence showed that one package of heroin was found in a dresser drawer in the bedroom, and another package of heroin was found in a drawer in the kitchen. Two cans of opium were also found in a kitchen drawer. The appellant testified that he had suffered a prior conviction for narcotics violation, but that he had no idea how the opium and heroin could have got into his home. The verdict of the jury was amply sustained by the evidence.

Judgment affirmed.

MURRAY, District Judge (dissenting).

I dissent.

In the first place, the majority opinion in holding that the allegations of the first and fifth paragraphs of the affidavit are sufficient on their face to establish probable cause for the issuance of the search warrant overrules, perhaps inadvertently, Kohler v. United States (C.A. 9) 9 F.2d 23, and Poldo v. United States (C.A. 9) 55 F.2d 866, which hold that an affidavit for search warrant which fails to state the time of the observation of the events on which the affidavit is based is insufficient to show probable cause for the issuance of a warrant. The first paragraph of the affidavit in this case states that on or about September 20, 1960, the affiant, Feldman, was told by Agent Fahey of Fahey's trip to Watsonville, California, and of the events and conversation which there transpired, but there is no statement in the affidavit as to the date on which the trip was made and the events and conversation took place, as required by the Kohler and Poldo cases, supra.

This deficiency in the affidavit was never specifially pointed out, either in the trial court or here, although a general objection as to the sufficiency of the affidavit on its face was made in both courts, and the evidence did show that the trip and overheard conversation did occur on September 20, 1960. However, evidence at the hearing on the motion to suppress, or at the trial, cannot cure omissions in the affidavit. United States v. Casino, S.D.N.Y. (1923), 286 F. 976; Lowrey v. United States (C.A.8—1947), 161 F.2d 30, 34. Because this defect in the affidavit was never specifically pointed out, the majority may be justified in refusing to exercise the discretion vested in this court by Rule 52(b) of the Federal Rules of Criminal Procedure [1] to notice plain error, although such refusal to exercise its discretion is difficult for me to square, even in a narcotics case, with the admonition that has been laid down by the courts so many times that guarantees under the Fourth Amendment are to be liberally construed to prevent impairment of the protection extended and that the procedure for the issuance of a search warrant, which gives effect to the amendment, must be scrupulously observed. Grau v. United States, 1932, 287 U.S. 124, 128, 53 S.Ct. 38, 77 L.Ed. 212; Gouled v. United States, 1921, 255 U.S. 298, 304, 41 S.Ct. 261, 65 L.Ed. 647; Taglavore v. United States (C.A.9—1961), 291 F.2d 262, 265; Baysden v. United States (C.A.4—1959), 271 F.2d 325, 327; King v. United States (C.A. 4—1960), 282 F.2d 398. In any event, it would seem desirable in the interest of officers and attorneys preparing affidavits for search warrants in the future to more clearly indicate whether the affirmance of this case results from a holding that affidavits for search warrants need no longer contain the date of the events upon which the affidavit is based, or a refusal of the court to exercise its discretion to notice plain error.

7. We are making no determination as to whether they were or were not.

1. Rule 52(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

In other words, would an affidavit, identical in form to the one involved here, be held to be sufficient if the point that it did not contain the date of the occurrence were raised?

However, aside from the foregoing, there are other reasons which I believe compel a reversal of this case. In analyzing the allegations of the first and fifth paragraphs of the affidavit and finding probable cause, the majority opinion necessarily places great reliance on the conversation which Agent Fahey reported to Agent Feldman that he, Fahey, had heard, in which the person by the name of Chin stated that he could furnish narcotics and was in the narcotic business. In other words, the probable cause depends upon Fahey having overheard such conversation. All of the evidence in the case establishes that the alleged conversation between the informant and Chin was carried on in the Chinese language and that Fahey himself did not speak or understand the Chinese language, but the conversation was interpreted to Fahey by one Wong, who was also a narcotics agent at the time. While the intervention, so to speak, of an interpreter between the conversants and Fahey, who alleges he overheard the conversation, would not itself render Fahey's account of the conversation inadmissible to establish probable cause, the failure to disclose in the affidavit that the conversation reached Fahey only through an interpreter, and who the interpreter was, and what his qualifiactions were to interpret the conversation, changes the picture completely.

It would seem to me that obtaining a search warrant on the basis of a conversation heard only through an interpreter is analogous to obtaining one on the basis of information received from an informant. As the majority opinion points out, the law is now well settled that a warrant may be obtained on the basis of hearsay information received from an informant providing a basis is shown for the affiant's belief in the reliability of the informer. The law in this respect was succinctly stated by the Supreme Court in Jones v. United States (1960), 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697, as follows:

"The question here is whether an affidavit which sets out personal observations relating to the existence of cause to search is to be deemed insufficient by virtue of the fact that it sets out not the affiant's observations but those of another. An affidavit is not to be deemed insufficient on that score, *so long as a substantial basis for crediting the hearsay is presented."*

See also Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Castillion v. United States (C.A.9—1962), 298 F.2d 256; Rodgers v. United States (C.A.9—1959), 267 F.2d 79. In this case, not only was there no basis shown for Fahey's relying on Wong's interpretation of the conversation, but the fact that the conversation came to him only through an interpreter was not even disclosed. Certainly the Commissioner would not have issued the warrant in this case on the basis of the conversation related in the first paragraph, had he known the conversation was carried on in Chinese, and that Fahey did not understand Chinese. Nor under the cases should he have issued it on the basis of the conversation if he knew it reached Fahey through an interpreter without some showing being made that the interpreter knew and understood Chinese and was a reliable interpreter.

A somewhat similar situation was presented in the case of United States v. Pearce (C.A.7—1960), 275 F.2d 318. There an F.B.I. agent in Chicago made an affidavit for a search warrant which he stated was made on the basis of "confidential information, from a source which in the past has proved reliable". The confidential informant was a person in Seattle, and the evidence disclosed that the agent making the affidavit had not talked to such informant, but had received the information from his superior in the Chicago office of the F.B.I., who likewise had not talked to the informant, but had received the information from an F.B.I. agent in Seattle who had talked

to the informant. It was also shown that none of the agents had previously talked to the informant, so the statement in the affidavit that the information came from a source "which in the past has proved reliable", was likewise untrue. The court held the resultant search was illegal and ordered the evidence suppressed, not on the grounds that the information obtained from the informer was not true, but because the true facts as to how such information reached the affiant were not disclosed.

Still other reasons compel a reversal here. As the majority opinion points out, appellant's attack on the search was two-fold—first, that the affidavit was insufficient on its face, and second, that even if it were sufficient on its face, the evidence produced at the hearing on the pretrial motion to suppress and at the trial failed to establish probable cause for the issuance of the warrant. While it is true that cases cited in the majority opinion hold that the burden is on a defendant who seeks to suppress evidence seized under a search warrant to show want of probable cause, this court has also in Kohler v. United States (C.A.9—1925), 9 F.2d 23, 25, quoted with approval the statement of Judge Hand in United States v. Casino, S.D.N.Y., 286 F. 976, 978, that "the showing for the issue (of a search warrant) must be enough to stand alone, *and must be proved upon the hearing, if challenged.*" In my opinion, the evidence at the pretrial hearing on the motion to suppress and at the trial, sufficiently challenged the allegations of the first and fifth paragraphs of the affidavit to require the government to substantiate those allegations, and this the government failed to do.

Before discussing the evidence it may be appropriate to mention why evidence at the trial, as well as evidence at the pretrial hearing on the motion to suppress, is relevant. Rule 41(e) of the Federal Rules of Criminal Procedure provides, with regard to motions to suppress evidence, that "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing". And in this connection the Supreme Court in Gouled v. United States, 255 U.S. 298, 312, 41 S.Ct. 261, 266, said:

> " * * * where in the progress of a trial, it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, even where a motion to return the papers may have been denied before trial."

See also United States v. Fowler, 17 F.R.D. 499 (D.C.S.D.Cal., 1955).

In this case, the presence of the interpreter Wong at the overheard conversation was not disclosed by the affidavit. The record is uncontradicted that his presence and involvement was not discovered by appellant until after the pretrial hearing on the motion to suppress. It would seem to me that in these circumstances and under Rule 41(e) and the Gouled case, supra, when, at the close of the trial, all of the evidence established that the search warrant had been issued without probable cause, as I believe it did, the court should have granted appellant's motion to strike and suppress the evidence seized under the warrant.

Turning then to the evidence of events leading up to the issuance of the warrant, it appears that Fahey and Wong, two Federal Narcotic Agents, together with an informer named Yin Hang Dang, went to Watsonville, California, on September 20, 1960. There the informer, equipped with a radio device which transmitted conversations, was sent into the premises of the Suey Sing Tong, and the conversation related in the first paragraph of the affidavit allegedly occurred with the narcotic agents listening in over the listening device. Apparently as of that time, the agents did not feel they had grounds for a search warrant, because a week later, on September 27, 1960, Agents Fahey and Wong, together

with Agent Feldman, who is the affiant in the affidavit, returned to Watsonville, without a warrant and with local police officers entered upon the open grounds of the Suey Sing Tong. While there, as recited in the affidavit, they smelled the odor of opium having recently been smoked at many places within the tong premises, and they proceeded, without a warrant, to break into the various premises located on the tong premises, and seized a quantity of narcotics, which formed the basis of the charge contained in Count One of the indictment. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, holds emphatically that the smell of opium being smoked upon a premises does not warrant a forcible entry and search of the premises. Under the Johnson case, the entry and search of the tong premises on September 27, 1960, was clearly an illegal search. Nor could that search be justified on the basis of the conversation overheard the week before because if the conversation furnished probable cause for the issuance of a warrant, in the week between the conversation and the raid, the officers had ample opportunity to present the evidence to a magistrate and obtain a warrant. Johnson v. United States, supra.

It was during the course of this illegal raid that the officers obtained the information from the three informants referred to in the fourth paragraph of the affidavit. Even more significant here, for the reason hereinafter pointed out, it was during the course of this illegal raid that Feldman, the affiant, obtained the knowledge referred to in the last paragraph of the affidavit that Chin Kay, the appellant, was president of the tong and that he lived at 107 B, Marchant Street. This knowledge of Feldman that Chin Kay was president of the tong and

lived at 107 B, Marchant Street, together with the conversation in which a person by the name of Chin, identified as president of the tong, stated he was in the narcotic business, is the basis upon which the majority finds probable cause in the affidavit for issuance of a warrant to search Chin Kay's home at 107 B, Marchant Street.

Appellant urges that the information from the three informants picked up in the illegal raid was not admissible as a basis to procure a search warrant under the "fruit of the poisonous tree doctrine" set forth in Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 and Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L. Ed. 307.[2] The writer of this opinion is inclined to agree with the appellant's contention and with the dissenting opinion of Judge Hamley in Wong Sun v. United States, 288 F.2d 366, 372 (C.A.9—1961), certiorari granted 368 U.S. 817, 82 S.Ct. 75, 7 L.Ed.2d 23, but the Wong Sun case establishes the law in this circuit contrary to appellant's contention. Assuming that Judge Hamley adheres to the views expressed in his dissent in the Wong Sun case, there would then be a majority in the present case in favor of overruling the Wong Sun case on the question of the "fruit of the poisonous tree" doctrine. The majority opinion in this case seeks to avoid this problem by not considering the third and fourth paragraphs of the affidavit and finding probable cause only from a consideration of the first and fifth paragraphs of the affidavit, but the evidence shows that Feldman's knowledge that Chin Kay was president of the tong and lived at 107 B Marchant Street was likewise acquired during the course of the illegal search and seizure and was as much the "fruit of the poisonous tree" as the informa-

2. Other cases applying the "fruit of the poisonous tree" doctrine are: McGinnis v. United States, 1 Cir., 227 F.2d 598; United States v. Bush, D.C., 172 F.Supp. 818; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153; Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233.

tion from the three informants contained in paragraph four of the affidavit.[3] The Wong Sun case could only be overruled in this circuit by the court en banc. Upton v. C. I. R., 283 F.2d 716, 723 (C.A. 9—1960). However, the Wong Sun case is before the Supreme Court on certiorari and the question of the application of the "fruit of the poisonous tree" doctrine to circumstances such as exist here may be put to rest by the decision in that case. If the matter became decisive of the case, it would seem that this decision should be held in abeyance until the Supreme Court has ruled in the Wong Sun case, or the question should be submitted to this court en banc.

But I do not believe the question becomes decisive because putting aside the problem of the "fruit of the poisonous tree", the evidence utterly fails to establish the probable cause which the majority finds was alleged in the first and fifth paragraphs of the affidavit. When all the evidence was in, the only evidence in support of the allegations of the first paragraph of the affidavit, was the affidavit itself.

Appellant, on the stand, under oath, denied that he knew the informer Yun Hong Dong,[4] or had agreed to sell narcotics to him. This testimony is as follows:

"Q. Do you know anyone named Ying Hong Dong?

"A. Yun Hong Dong?

"Q. Yes.

"A. No.

"Q. Isn't it a fact that you agreed to sell narcotics to him?

"A. I sell narcotics to him? No.

"Q. You don't know anything about him?

"A. No."

Concerning the occurrences at the Suey Sing Tong on September 20, 1960, when the conversation is alleged to have occurred, Agent Feldman testified "Agent Fahey and Agent Wong of our office made a trip to Watsonville. I did not accompany them. They contacted a man by the name of Chin. *That is the only thing I do know.*" This is the affiant on whose affidavit the warrant was issued. Neither Agent Fahey nor the informer Yin Hang Dang testified either at the hearing on the motion to suppress, or at the trial. Agent Wong did not testify at the hearing on the motion, but he did testify at the trial. About all his testimony amounted to was that there was a conversation which he translated, but he did not testify as to what the conversation was. He neither affirmed nor denied that the informant talked with a person who answered to the name of Chin, or that that person had said he could provide opium to the confidential informant and was in the narcotics business, or that it was mentioned in the conversation that the person answering to the name of Chin was the president of the tong. He did testify directly that no narcotic sale was made on that occasion, contradicting, in my opinion, the allegations of the second paragraph of the affidavit, which recites that before the informant was sent into the tong he was searched and found to possess no narcotics, but when he returned 20 minutes later, he surrendered narcotics to Agent Fahey. While it is true that this second paragraph does not directly allege a sale

3. The fourth paragraph of the affidavit in my view is also insufficient on another score, namely, that no basis is shown in the affidavit for the conclusion of affiant that he had reason to believe the three informants. "If the magistrate may accept the belief of the officers as sufficient, without inquiry as to its basis, controlling significance is attached to the officer's belief rather than to the magistrate's judicial determination." Baysden v. United States, 271 F.2d 325, 328 (C.A. 4—1959). Other cases holding that the basis of the officer's belief in the relia-

bility of the informer must be shown are Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Rodgers v. United States, 267 F.2d 79 (C.A. 9—1959); Castillion v. United States, 298 F.2d 256 (C.A. 9—1962).

4. Throughout the record there is confusion as to the spelling of the informer's name. He is variously referred to as Ying Hang Dang, Ying Hong Dong, Yin Hang Dang, Yun Hong Dong, etc.

of narcotics on that occasion in so many words, it seems obvious that the only purpose of reciting these things in the affidavit was to have the Commissioner draw the inference that a narcotic sale or transaction of some sort occurred, and Wong's testimony that no sale occurred fairly refutes the second paragraph.

Of the four persons known to have participated in or listened to the alleged conversation, two, the informant and Fahey, did not testify, the third, Wong, gave no inkling of what the conversation was, and the fourth, if it were appellant, denied that he knew the informer, or agreed to sell him narcotics. Thus we have, as the only evidence of the conversation relied on to establish probable cause, the affidavit of one who by his own admission knew nothing about it.

The protection of the Fourth Amendment and the admonition of the courts that the procedures for the issuance of a search warrant, which gives effect to the amendment, must be scrupulously observed, mean nothing if this search is upheld.