**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dale Acree BOYD, Defendant-Appellant.**

No. 18834.

United States Court of Appeals,
Sixth Circuit.

March 4, 1970.

Dale Quillen, Nashville, Tenn., for appellant.

Robert E. Lee, Asst. U. S. Atty., Nashville, Tenn., Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before O'SULLIVAN, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant appeals from a two-count conviction for violating 26 U.S.C. § 5179(a) and § 5173 (1964) by possession of an unregistered distillery. Appellant had waived jury trial, and after denial of a motion to suppress the evidence, the case was submitted to a District Judge for the Middle District of Tennessee on stipulated facts. Conviction resulted in two one-year concurrent sentences.

The search of the house where the distillery was found was based upon a search warrant issued by a United States Commissioner on the following affidavits:

"AFFIDAVIT FOR SEARCH WARRANT

" * * * The undersigned being duly sworn deposes and says: That he has reason to believe that on the premises known as the Old Kirby Wofford premises, being a white frame dwelling with the front porch and a gray painted metal roof, with mailbox at entrance of driveway, bearing name J. W. Taylor and reached as follows: From the Courthouse at Dover, Stewart County, Tennessee, travel approximately 10.8 miles in a westerly direction on Highway 79 to the junction of Ft. Henry Road, turn right (North) and travel 0.8 miles to the first house on right (east) side of road, to the premises to be searched, including all outbuildings, appurtenances and vehicles found thereon, in the Middle District of Tennessee, there is now being concealed certain property, namely an unregistered distillery, equipment, apparatus and mash fit for distillation which are in violation of the Internal Revenue Liquor Laws. And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: I have been an investigator

for the Alcohol and Tobacco Tax Division for over 15 years, and acting on information, I detected the odor of fermenting mash emanating from the rear of the dwelling. The north rear window of the house is covered over with brown paper and masking tape. The occupant of the premises has the reputation as a liquor law violator.

> "/s/ ROBERT T. STONE
> Inv. A. & T.T. . . . . ."

■ The first appellate issue in this case concerns appellant's contention that the decisions of the United States Supreme Court in the *Marchetti*,[1] *Grosso*,[2] and *Haynes*[3] cases suggest or require the invalidation of the federal liquor tax statutes, which appellant has been convicted of violating, on the ground that their provisions violated appellant's Fifth Amendment rights. This court has squarely rejected this contention in United States v. Whitehead, 424 F.2d 446 (6th Cir.1970).

■ The second issue presented concerns the validity of the search warrant. Appellant contends that the affidavit lacks the required specificity for probable cause in that in the supporting detail cited therein the date of the surveillance at which the alcohol tax unit investigator smelled the odor of fermented liquor is not supplied. The officer who signed the affidavit and procured the search warrant testified at trial that he had supplied the date of the surveillance in the handwritten draft of the affidavit which he had given the Commissioner, but that the Commissioner had omitted same in typing the affidavit and warrant. Rule 41 of the Federal Rules of Criminal Procedure requires that an affidavit for a search warrant be in writing and signed and sworn to by the affiant. The record in this case does not, however, allow us to assume that the handwritten draft of the affidavit was

ever the subject of "oath or affirmation" as required by the Fourth Amendment.

We note, of course, that the affidavit over the name of the investigating officer affirms "there is *now* being concealed certain property, namely an unregistered distillery, equipment, apparatus and mash fit for distillation which are in violation of the Internal Revenue Liquor Laws." (Emphasis added.) This represents an affirmation of a present violation based upon observation by the affiant. But when the date of that observation is not supplied to the Commissioner under oath, the door is opened to inference of a present offense based on stale information. Generally, the courts have refused to uphold warrants based—or possibly based—on stale information. Rosencranz v. United States, 356 F.2d 310 (1st Cir.1966); Poldo v. United States, 55 F.2d 866 (9th Cir.1932); Kohler v. United States, 9 F.2d 23 (9th Cir.1925); Staker v. United States, 5 F.2d 312 (6th Cir.1925).

In *Rosencranz* the First Circuit provided the rationale for the requirement of the date of the critical observation:

> "[S]uppose a commissioner, on the basis of an affidavit like that in this case, were to infer that both affiant's information and observation were recent, while at a hearing on a motion to suppress, affiant states that both information and observation were several months old. There would, in fact, have been no basis for issuing the warrant, and yet the affidavit would have been accurate and the affiant would be in no danger of prosecution for its falsity. To create the possibility of ancient information parading beneath the protective mask of a bland, 'present tense' warrant would not, in our opinion, be in the interests of proper law enforcement or justice."

1. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

2. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

3. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

Rosencranz v. United States, 356 F.2d 310, 317 (1st Cir.1966).

It concluded:

"As to the distinction between the standards of judging an affidavit based solely on an informant's observations and one where the affiant himself made observations and is therefore available for examination by the magistrate, we do not feel it should be carried so far as to dispense with the requirement of reasonably specific time averments. With a small amendment, both magistrate and officer could have remedied the defect in this case. We see no policy served which would relieve them of this minimal burden." Rosencranz v. United States, *supra* at 318.

We agree.

The judgment of the District Court is vacated and the case is remanded for dismissal of the complaint.