**UNITED STATES of America, Plaintiff,**

v.

**Jimmy Dale WOOD, Defendant.**

**No. CR–81–141–D.**

United States District Court,
W.D. Oklahoma.

Oct. 5, 1981.

See also, 10th Cir., 695 F.2d 459.

Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Richard Denney and Jerry E. Jones, Norman, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Defendant Jimmy Dale Wood has filed herein a Motion to Suppress Evidence sup-ported by a Brief and an affidavit. The government has filed a Brief in opposition thereto. An evidentiary hearing was conducted in connection with the instant Motion on October 1, 1981. At said hearing the Defendant indicated that he was seeking to suppress the evidence obtained in the search of Defendant's motel room and Defendant's person conducted by members of the Oklahoma City Police Department on August 14, 1981.

The only evidence presented at the evidentiary hearing was the testimony of Officer Ed Hill (Hill) of the Oklahoma City Police Department and Mel Ashton (Ashton), Resident Agent of the Federal Drug Enforcement Agency in Oklahoma and a copy of the affidavit upon which a search warrant for Defendant's room was issued. Officer Hill testified that on August 14, 1981, a confidential informant arranged a buy of the drug LSD with an individual then known only as Jim (Defendant). The confidential informant was observed by the police entering Defendant's room at the Southgate Inn in Oklahoma City and when the informant left the room he had 100 doses of LSD. The informant told the police that a man named Jim, who was in his late twenties and of medium build with dark hair, had sold the informant the LSD. The informant was also wired with a body mike so the police could hear the buy taking place. Officer Hill then left to obtain a search warrant of Room 259 at the Southgate Inn and left several officers to observe the Defendant's room and make certain that the Defendant did not leave said room. Officer Hill then swore out an Affidavit for Search Warrant before Oklahoma County District Judge Stewart Hunter. Said affidavit told of the buy by the confidential informant and stated that the informant was known to the officer and shown to be reliable in the past by independent investigation. Officer Hill then testified that he returned to the Southgate Inn with a search warrant for Room 259. Officer Hill determined that no one had left or entered Room 259 since the buy took place and arranged with the motel's manager to have the Defendant called and asked him to

come to the desk. Meanwhile, two officers would be in Room 260, an adjoining room to 259, and after Defendant opened his door to come to the desk the officers would apprehend him and conduct the search. Officer Hill then testified that the two officers going to Room 260 observed the Defendant leaving Room 259 and stopped the Defendant. They then returned to Room 259 whereupon Officer Hill arrived and a search was conducted of the room. Upon entering Room 259 the officers observed what appeared to be marijuana on the nightstand and the Defendant was handcuffed and seated in a chair, read his rights and later Defendant was searched. Officer Hill found some LSD in a clothes hamper in the room and a search of Defendant's person produced about 25 doses of LSD.

Ashton's testimony supports Officer Hill's description of what occurred in Room 259; that the search of Defendant occurred after he was handcuffed and had been read his rights.

Defendant seeks to suppress the evidence in question on three grounds. First, that the search warrant affidavit was insufficient to establish probable cause since the warrant does not provide enough information on the confidential informant's reliability. Second, that the search of the clothes hamper in Room 259 was invalid as the police needed a second search warrant to search the hamper. Finally, the search of the Defendant was invalid.

■ As to the search warrant affidavit, the Court notes that a judicial officer should determine whether an affidavit gives probable cause to issue a search warrant using common sense and in a realistic fashion. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Rahn*, 511 F.2d 290 (Tenth Cir.1975), *cert. denied*, 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Lucarz*, 430 F.2d 1051 (Ninth Cir. 1970). Furthermore, the resolution of doubtful or marginal cases in this area should be determined by a preference in favor of the warrant. *United States v. Ventresca, supra.*

■ In the instant case the affidavit stated that an informant known to be reliable to the police had made a controlled buy from the Defendant's motel room. Furthermore, the officer who swore out the affidavit had helped set up the buy of LSD and had personal knowledge that the buy had taken place and this independent knowledge was communicated to the judge who issued the search warrant by the affidavit seeking the same. The officer participated in setting up the buy, searched the informant immediately before he went to Defendant's motel room, observed the informant go into Defendant's room, and the informant gave the officer the LSD and told of the buy after he left Defendant's room. A common sense reading of the affidavit indicates that the same contains facts and circumstances within the knowledge of the affiant and supplied by reasonably trustworthy sources sufficient to create probable cause for belief that Defendant Wood had committed an offense. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Chin Kay v. United States*, 311 F.2d 317 (Ninth Cir.1962). Therefore, probable cause existed for the issuance of the search warrant in question.

■ Turning to Defendant's next contention that the officers should have gotten a second search warrant to search the hamper, this contention is without merit. Defendant has cited no law which would require the police to obtain a second search warrant to search a clothes hamper in a room for which they already have a search warrant. The police had obtained a warrant to search Room 259 and a common sense reading of such a warrant would allow the police to search containers within the premises of Room 259. To interpret said warrant as Defendant wishes would create an undue burden on the police. Any particular room could contain hundreds of containers within its walls and Defendant would require the police to go to a judicial officer and obtain a warrant to open each container within the premises on which a search warrant had already been issued. This is an absurd result and Defendant's contention is without merit.

Finally, Defendant contends that the search of his person was invalid. The evidence clearly shows that the Defendant was observed leaving Room 259 by two officers after the search warrant was obtained, that no other person had entered the room since the controlled buy, and that the Defendant fit the general description of the seller of the LSD from Room 259.

Probable cause to make an arrest exists where the facts and circumstances within the arresting officer's knowledge is sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *United States v. Haala,* 532 F.2d 1324 (Tenth Cir. 1976). In view of the above facts the arresting officers had a reasonable belief that Defendant had committed an offense and therefore his arrest was valid.

As the arrest of Defendant was valid, then that standing alone was sufficient to authorize the search of Defendant's person. *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

In view of the foregoing and after due consideration of all the grounds for suppression presented by Defendant Wood in his Motion to Suppress, the Court finds and concludes that said Motion should be overruled. Accordingly, the LSD sought to be suppressed by the instant Motion should be admitted in evidence at the forthcoming trial herein.